TROUTMAN PEPPER LOCKE LLP
Steven D. Allison (SBN 174491)
steven.allison@troutman.com
Sheila Z. Chen (SBN 307305)
sheila.chen@troutman.com
Lynda B. Nguyen (SBN 340720)
lynda.nguyen@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, CA 92618
Telephone: 949.622.2700
Facsimile: 949.622.2739

Counsel for Defendant Health Net, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEVE SHANNON and REBEKKA LIEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

HEALTH NET, LLC

Defendant.

Case No. 2:26-cv-03814-RGK-E

**DEFENDANT HEALTH NET, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

[*Filed Concurrently with Declaration of Sheila Z. Chen; Request for Judicial Notice;[Proposed] Order*]

Date: July 13, 2026
Time: 9:00 a.m.
Courtroom: 850, 8th Floor
Judge: Hon. R. Gary Klausner

Action Filed: April 9, 2026



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

**TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 13, 2026, at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable R. Gary Klausner in Courtroom 850 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California 90012, Defendant Health Net, LLC ("Health Net") will and hereby does move this Court for an order dismissing Plaintiffs' Complaint in its entirety with prejudice. Health Net moves pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) on the grounds that Plaintiffs lack Article III standing, depriving the Court of subject matter jurisdiction. Health Net also moves pursuant to Rule 12(b)(6) on the grounds that the Complaint fails to state a claim against Health Net upon which relief may be granted.

Health Net's motion is based on this notice, the attached memorandum of points and authorities, the concurrently filed declaration of Sheila Z. Chen, request for judicial notice, and supporting documents, the Complaint and its attachments, the records and files of this Court, and such further evidence and argument as may be presented prior to or at the time of the hearing on the motion.

**This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 4, 2026, as detailed in the accompanying declaration of Sheila Z. Chen. Counsel for Health Net and Plaintiffs met via videoconference on Microsoft Teams and discussed the grounds upon which Health Net intends to dismiss the Complaint. Counsel was unable to resolve the issues discussed at the meet and confer, which necessitates the filing of this Motion.**

## TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

III. LEGAL STANDARD .......... 3

IV. PLAINTIFFS LACK STANDING .......... 4

V. PLAINTIFFS' COMPLAINT FAILS TO PLEAD A VIABLE CLAIM .......... 5

A. Plaintiffs' Wiretap Act Claim Is Barred By Consent (Count I) .......... 5

B. Plaintiffs Fail To Plead California Constitution And Common Law Privacy Claims (Counts II, III). .......... 6

1. Plaintiffs Do Not Plead A Reasonable Expectation Of Privacy. .......... 7

2. Plaintiffs Do Not Plead A Highly Offensive Intrusion. .......... 7

C. Plaintiffs Fail To Allege A § 631 Violation (Count IV) .......... 8

1. A Party To The Alleged Communications Is Not Liable Under The Second Clause Of § 631(a) .......... 9

2. Plaintiffs Fail to Plead Aiding And Abetting Required Under The Fourth Clause Of § 631(a) .......... 9

3. Plaintiffs Further Fail To Allege Interception "In Transit." .......... 10

D. Plaintiffs Fail To Plead A § 638.51 CIPA Claim (Count V). .......... 11

E. Plaintiffs Fail To State A CLRA Claim (Count VI). .......... 12

F. Plaintiffs Fail To State A Fraud Claim (Count VIII) .......... 13

1. Plaintiffs Fail To Allege A Misrepresentation Under Rule 9(b). .......... 14

2. Plaintiffs Fail To Plausibly Plead Reliance. .......... 15

G. Plaintiffs Fail To State A UCL Claim (Count VII). .......... 16

1. Plaintiffs Lack Standing To Bring A UCL Claim. .......... 16

2. Plaintiffs Fail To Allege An "Unlawful" UCL Claim .......... 17

3. Plaintiffs Fail To Allege An "Unfair" UCL Claim. .......... 17

H. Plaintiffs Fail To State An Unjust Enrichment Claim (Count IX). .......... 18

VI. CONCLUSION .......... 18


TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*A.S. v. SelectQuote Ins. Servs.*, No. 3:23-CV-02258-RBM-MSB, 2024 WL 3881850 (S.D. Cal. Aug. 19, 2024) .......... 2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 3

*Beltran v. Drs. Med. Ctr. of Modesto*, No. 2:23-CV-01670-DC-CKD, 2025 WL 1635467 (E.D. Cal. June 9, 2025) .......... 4, 7

*Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545 (2011) .......... 14

*Bunnell v. Motion Picture Ass'n of Am.*, 567 F. Supp. 2d 1148 (C.D. Cal. 2007) .......... 10, 17

*Byars v. Sterling Jewelers, Inc.*, No. 5:22-cv-01456-SB-SP, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) .......... 4

*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992 (9th Cir. 2010) .......... 3

*Doe I v. Google LLC*, 741 F. Supp. 3d 828 (N.D. Cal. 2024) .......... 6, 8, 16, 18

*Doe v. SuccessfulMatch.com*, 70 F. Supp. 3d 1066 (N.D. Cal. 2014) .......... 13

*Drum v. San Fernando Valley Bar Assn.*, 182 Cal. App. 4th 247 (2010) .......... 17, 18

*In re Facebook Priv. Litig.*, 791 F. Supp. 2d 705 (N.D. Cal. 2011), *aff'd*, 572 F. App'x 494 (9th Cir. 2014) .......... 13


TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

*Fernandez v. Leidos, Inc.*,
127 F. Supp. 3d 1078 (E.D. Cal. 2015) .......... 5

*Folgelstrom v. Lamps Plus, Inc.*,
195 Cal. App. 4th 986 (2011) .......... 8

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) .......... 17

*Hubbard v. Google LLC*,
No. 19-CV-07016-SVK, 2024 WL 3302066 (N.D. Cal. July 1, 2024) .......... 7, 17

*Hughes v. Vivint, Inc.*,
No. CV 24-3081-GW-KSX, 2024 WL 5179916, at *5 (C.D. Cal. July 12, 2024), *adopted*, 2024 WL 5179917 (C.D. Cal. August 5, 2024) .......... 4

*In re iPhone Application Litigation*,
No. 11–MD–02250–LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) .......... 16

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .......... 13

*Khan v. CitiMortgage, Inc.*,
975 F. Supp. 2d 1127 (E.D. Cal. 2013) .......... 14, 15, 16

*Kishnani v. Royal Caribbean Cruises Ltd.*,
No. 25-CV-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025), *appeal dismissed*, 2025 WL 2943080 (9th Cir. Oct. 3, 2025) .......... 4, 11

*Leyva v. Certified Grocers of California, Ltd.*,
593 F.2d 857 (9th Cir. 1979) .......... 12

*Licea v. Am. Eagle Outfitters, Inc.*,
659 F. Supp. 3d 1072 (C.D. Cal. 2023) .......... 8, 9, 10, 11

*Licea v. Vitacost.com, Inc.*,
683 F. Supp. 3d 1118 (S.D. Cal. 2023) .......... 9

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023) .......... 5

*Mitchener v. CuriosityStream, Inc.*,
815 F. Supp. 3d 845 (N.D. Cal. 2025) .................... 4, 5, 11

*Nazemi v. Specialized Loan Servicing, LLC*,
637 F. Supp. 3d 856 (C.D. Cal. 2022) .................... 18

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) .................... 3, 4

*Rasidescu v. Midland Credit Mgmt., Inc.*,
435 F. Supp. 2d 1090 (S.D. Cal. 2006) .................... 14

*Rodriguez v. Ford Motor Co.*,
722 F. Supp. 3d 1104 (S.D. Cal. 2024) .................... 10

*Rojas-Lozano v. Google, Inc.*,
159 F. Supp. 3d 1101 (N.D. Cal. 2016) .................... 12

*Ruiz v. Gap, Inc.*,
540 F. Supp. 2d 1121 (N.D. Cal. 2008) *aff'd*, 380 Fed. App'x 689
(9th Cir. 2010) .................... 8

*Salameh v. Tarsadia Hotel*,
726 F.3d 1124 (9th Cir. 2013) .................... 14

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*,
992 F. Supp. 2d 962 (C.D. Cal. 2014) .................... 14

*Thomas v. Papa John's Int'l, Inc.*,
No. 24-3557, 2025 WL 1704437 (9th Cir. June 18, 2025) .................... 9

**Statutes**

18 U.S.C. § 2511(2)(d) .................... 6

Cal. Civ. Code § 1761(b) .................... 12

Cal. Civ. Code § 1770(a) .................... 12

Cal. Civ. Code § 1782(a) .................... 13

Cal. Penal Code § 631(a) .................... 1, 9, 10, 11

Cal. Penal Code § 638.50(b) .................... 11

Cal. Penal Code § 638.50(c) .......... 11

**Other Authorities**

Federal Rules of Civil Procedure Rule 9(b) .......... 13, 14

Federal Rules of Civil Procedure Rule 12(b)(1) .......... 3, 4, 5

Federal Rules of Civil Procedure Rule 12(b)(6) .......... 1, 3

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Complaint seeks to recast Defendant Health Net LLC's ("Health Net") ordinary, disclosed website analytics into an array of nonviable federal and state statutory violations and common law claims. The Complaint is fatally deficient, and the Court should dismiss it.

First, the Court should dismiss the Complaint for a lack of standing. Courts have routinely dismissed similar cases because tracking the alleged information through the cookies or pixels at issue does not constitute an actionable injury nor invade a protected privacy interest. Plaintiffs thus fail to allege a concrete injury required for standing.

Even if Plaintiffs could establish standing, the Court should grant the Rule 12(b)(6) motion because Plaintiffs' Complaint contains the following fatal flaws:

- Plaintiffs' federal Wiretap Act claim is precluded by the one-party consent defense;
- Plaintiffs' California Constitution and common law privacy claims are barred because they allege neither a protected privacy interest with a reasonable expectation of privacy nor a highly offensive intrusion;
- Plaintiffs' two alleged theories under § 631(a) of the California Invasion of Privacy Act ("CIPA") are also flawed. As a party to Plaintiffs' communications, Health Net cannot be held liable for alleged eavesdropping. Plaintiffs' aiding-and-abetting theory further fails as Plaintiffs' allegations do not plead the requisite aiding-and-abetting and intent. Additionally, Plaintiffs fail to allege an interception "in transit" which makes both theories further flawed;
- Plaintiffs' § 638.51 claim fares no better as Plaintiffs' own allegations place the tracking tools outside the scope of the statute's definition for "pen register" and "trap and trace" devices;

- Plaintiff's standalone misrepresentation/fraud claim fails to plead reliance and lacks the requisite particularity;
- Plaintiffs' Consumer Legal Remedies Act ("CLRA") claim fails to allege they are consumers who purchased or leased "goods or services" under the statute, with the requisite particularity, and that Plaintiff provided the requisite notice to seek CLRA damages;
- Plaintiffs fail to state an Unfair Competition Law ("UCL") claim because the alleged loss of control over personal data lacks UCL standing, Plaintiffs' "unlawful" claim lacks any viable predicate claim, and Plaintiffs' "unfair" claim lacks the requisite allegations; and
- Plaintiffs' unjust enrichment claim is not a standalone claim and fails with the other claims.

Accordingly, the Court should grant this motion and dismiss the Complaint.

## II. FACTUAL BACKGROUND

Health Net operates a commercial website (www.healthnet.com) ("Website") where users can browse and access information regarding health insurance plans and services. (ECF 1 ("Compl.") ¶ 2). It provides users with a "Cookie Banner" and a "Cookie Preferences" panel, which discloses the Website uses cookies, allows users to choose which non-essential cookies to allow, and invites users to visit the "Cookie Policy". (Compl. ¶ 2, Figs. 1, 8, 15). Neither the Cookie Banner nor Cookie Preferences represent that the use of pixels or any other tools aside from cookies may be restricted by users' preferences. (Compl. ¶ 2, Figs. 1, 8, 15). Indeed, the Website's Privacy Policy discloses the use of pixels. (Privacy Policy, Chen Decl., Ex. A at 5, ECF 22-2; Website Home Page, Chen Decl., Ex. B, ECF 22-3; Request for Judicial Notice ("RJN") ¶¶ 1-2, ECF 22-4).[1]

[1] The Court may incorporate the Website, including its Privacy Policy, by reference, as the Complaint references select screenshots of the Website. *See A.S. v.*



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

Plaintiffs contend their information was intercepted by cookies and pixels embedded on the Website. (*E.g.*, Compl. ¶ 3). The purported "Sensitive Information" Plaintiffs allege was intercepted consists of (i) interaction and behavioral data, including users' selections of on-page elements, webpages and products viewed, and information entered into search fields; (ii) inferred interests, preferences, age, location, or other characteristics based on user behavior and content engagement; and (iii) personal, device, and technical identifiers, such as device type, operating system, browser type, users' email addresses, and geolocation information derived from IP addresses. (Compl. ¶ 5). The information at issue is thus "browsing activity, device identifiers, and related metadata". (Compl. ¶ 15).

## III. LEGAL STANDARD

Rule 12(b)(1) dismissal is proper where the Court lacks standing and thus subject matter jurisdiction. Standing requires, among other things, a concrete and particularized injury. *Popa v. Microsoft Corp.*, 153 F.4th 784, 788 (9th Cir. 2025) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Separately, Rule 12(b)(6) dismissal is proper unless the complaint contains sufficient factual matter, accepted as true, to state a claim for relief plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and threadbare recitals of the elements do not suffice. *Id.* A court need not accept as true merely conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

---

*SelectQuote Ins. Servs.*, No. 3:23-CV-02258-RBM-MSB, 2024 WL 3881850, at *4 (S.D. Cal. Aug. 19, 2024) (incorporating privacy policy by reference).



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

## IV. PLAINTIFFS LACK STANDING

The Court should dismiss this case under Rule 12(b)(1) because Plaintiffs fail to allege a concrete injury and so lack Article III standing. *See, e.g.*, *Popa*, 153 F.4th at 790-95 (assessing whether plaintiff alleged a close historical or common law analog; finding user lacked standing for alleged statutory violations and intrusion upon seclusion based on session-replay technology used to record and reproduce user's interactions with website). In privacy actions, a plaintiff must identify the specific personal information disclosed that implicates a protectable privacy interest. *See Mitchener v. CuriosityStream, Inc.*, 815 F. Supp. 3d 845, 850 (N.D. Cal. 2025) (allegations that website operator invaded privacy using third-party tracking software on website to generally collect data, device and browser information, geographic information, referral and URL tracking, and user's name, date of birth, and address were insufficient to allege concrete and particularized harm); *Kishnani v. Royal Caribbean Cruises Ltd.*, No. 25-CV-01473-NW, 2025 WL 1745726, at *3-4 (N.D. Cal. June 24, 2025), *appeal dismissed*, 2025 WL 2943080 (9th Cir. Oct. 3, 2025) (same); *Hughes v. Vivint, Inc.*, No. CV 24-3081-GW-KSX, 2024 WL 5179916, at *5 (C.D. Cal. July 12, 2024), *adopted*, 2024 WL 5179917 (C.D. Cal. August 5, 2024) (no standing where plaintiff did not specify what personalized information was collected and failed to allege privacy harm); *Byars v. Sterling Jewelers, Inc.*, No. 5:22-cv-01456-SB-SP, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) (no standing where plaintiff did not allege disclosure of personal information implicating protectable privacy interest and failed to identify privacy harm).

Indeed, in *Popa*, the Ninth Circuit found plaintiff lacked standing where she did not identify any particular invasive or private information collected by the alleged tracking software, such as information that could be offensive or protected under a historical or common law analog. 153 F.4th at 791-92; *cf. Beltran v. Drs. Med. Ctr. of Modesto*, No. 2:23-CV-01670-DC-CKD, 2025 WL 1635467, at *5-7 (E.D. Cal.



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

June 9, 2025) (dismissing for lack of cognizable legal theory where complaint did not specify what protected health information plaintiffs provided to defendant). Likewise, Plaintiffs do not allege what information they provided on the Website or that any such information was disclosed on a webpage with the pixels embedded.

The alleged collected information also does not trigger a protectable privacy interest or privacy harm. There is no concrete harm where the alleged sensitive information is not legally protected but, rather, merely basic personal or contact information or IP addresses. *See Mitchener*, 815 F. Supp. 3d at 851 (dismissing for lack of standing where plaintiff alleged collection of basic personal, contact, device, browser, and geographic information); *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) (dismissing for lack of standing because allegations did not show whether personal information plaintiff inputted was protected or "merely information akin to basic contact information that would not trigger a protectable privacy interest"). Plaintiffs do not allege any sensitive information that is anything more than basic personal or contact information or identifiers—none of which constitutes concrete harm. *E.g.*, Compl. ¶ 5. Nor do Plaintiffs' vague and unsupported allegations about the loss of control or value of their unprotected information confer standing (*e.g.*, Compl. ¶¶ 150, 217). *See Fernandez v. Leidos, Inc.*, 127 F. Supp. 3d 1078, 1088-89 (E.D. Cal. 2015) (no standing where plaintiff did not allege attempt, intent, or inability to sell personal information). There is no standing, and the Court should dismiss under Rule 12(b)(1).

## V. PLAINTIFFS' COMPLAINT FAILS TO PLEAD A VIABLE CLAIM

### A. Plaintiffs' Wiretap Act Claim Is Barred By Consent (Count I).

Plaintiffs have no viable Wiretap Act claim because their allegations assert Health Net consented to the alleged interception of communications. The Wiretap Act does not impose liability where a party to the communications allegedly intercepted consented to the alleged interception. 18 U.S.C. § 2511(2)(d); *Doe I v.*

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

*Google LLC*, 741 F. Supp. 3d 828, 842 (N.D. Cal. 2024) (dismissing such claim because healthcare provider websites consented to alleged tracking, collection, and monetization of private health information through pixel embedded on websites). The consent defense applies here where users' interactions with the Website are communications to which Health Net is a party, as Plaintiffs admit. Compl. ¶ 42. To the extent there is any purported interception of communications, Plaintiffs allege Health Net deployed the alleged pixels, thereby consenting to it. *See, e.g.*, *Doe I*, 741 F. Supp. at 842-43 (noting choice to install pixel on website was sufficient for consent defense).

To the extent Plaintiffs rely on the exception to this defense, Plaintiffs fail to plead any facts to support that the alleged interception occurred "for the purpose of committing any criminal or tortious act" separate from the alleged interception. *See id.* (no criminal or tortious purpose where defendant's purpose for alleged interception was not to perpetuate torts on web users, but to make money). Plaintiffs do not allege Health Net acted with a criminal purpose. Nor do Plaintiffs plausibly plead a tortious act, as their invasion of privacy and fraud claims fail. *See infra* sections V.B, V.F. Rather, Health Net's purpose is not to commit a crime or a tort but to facilitate website analytics and advertising, as disclosed in the Cookie Preferences. Compl. Fig. 8. The consent defense thus applies without exception and bars Plaintiffs' Wiretap Act claim.

**B. Plaintiffs Fail To Plead California Constitution And Common Law Privacy Claims (Counts II, III).**

Plaintiffs' constitutional and common law privacy claims fail because the alleged tracking of Plaintiffs' browsing activity and basic identifiers do not constitute (1) a reasonable expectation of privacy or (2) a highly offensive intrusion. *Beltran*, 2025 WL 1635467, at *7.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

**1. *Plaintiffs Do Not Plead A Reasonable Expectation Of Privacy.***

Plaintiffs fail to allege the first element for their privacy claims because they have no reasonable expectation of privacy nor protected privacy interest in the "browsing activity, device identifiers, and related metadata" Plaintiffs allege. *E.g.*, *Hubbard v. Google LLC*, No. 19-CV-07016-SVK, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024) (dismissing privacy claims alleging collection of browsing history, interactions with website, and users' addresses and identifiers because "[c]ontemporary internet browsing involves the collection of users' data, including by tracking users across the internet, and a reasonable user should expect as much").

*Beltran* is further instructive. The plaintiffs' privacy claims there failed because the alleged use of a Meta pixel to track users' browsing activity, on public website operated by a health system and services platform and healthcare facility, did not amount to a disclosure of sensitive medical information. 2025 WL 1635467, at *5-7. Here too Plaintiffs' allegations of tracking tools collecting users' browsing activity, device identifiers, and related metadata on the public Website are not sensitive or private information (*e.g.*, Compl. ¶¶ 15-16) and likewise fail. Plaintiffs thus fail to plead a reasonable expectation of privacy.

**2. *Plaintiffs Do Not Plead A Highly Offensive Intrusion.***

Even if Plaintiffs could allege a protected privacy interest in the Sensitive Information, they fail to meet the high bar of pleading a highly offensive intrusion. Courts have dismissed many privacy claims, as here, where the plaintiff fails to allege a disclosure that is an "egregious breach of the social norms[.]" *Hubbard*, 2024 WL 3302066, at *7 (dismissing privacy claims under California Constitution and common law where disclosure of browsing history and user data to third parties was not highly offensive invasion of protected privacy interest, but mere "routine commercial behavior"). Moreover, the tracking of information like the browsing activity and basic identifiers Plaintiffs allege here does not amount to an egregious breach of social

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

norms and is thus not highly offensive. *See id.* (addressing browsing activity and users' addresses and identifiers); *see also Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1127-28 (N.D. Cal. 2008) *aff'd*, 380 Fed. App'x 689 (9th Cir. 2010) (laptop theft with personal information, including social security numbers, was not egregious); *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 992 (2011) (using plaintiff's address to mail advertisements was not egregious but routine commercial behavior).

Here, the Complaint's vague descriptions of "Sensitive Information" (Compl. ¶¶ 5, 15-16) do not establish an "egregious breach" or that the alleged intrusion is "highly offensive" (Compl. ¶ 161). *See, e.g., Doe I*, 741 F. Supp. 3d at 844 (dismissing privacy claims where plaintiffs' allegations did not establish nature of intrusion or that it was highly offensive). Plaintiffs fail both elements of these claims, and both counts should be dismissed.

**C. Plaintiffs Fail To Allege A § 631 Violation (Count IV).**

Plaintiffs' CIPA claim also fails because the Complaint does not plausibly plead a violation of any § 631 clause. For this claim, Plaintiffs must plead (1) intentionally tapping, or making any unauthorized connection, with any telegraph or telephone wire, line, cable, or instrument;[2] (2) willfully and without the consent of all parties to the communication, or in any unauthorized manner, reading or learning (or attempting to) the contents or meaning of any message, report, or communication while the same is in transit or is being sent from, or received at, any place within California; (3) using or communicating (or attempting to) any information so

[2] Plaintiffs do not allege a theory under the first clause, nor can they, as the alleged communications involved website communications. Courts have consistently limited this clause's application to telephone communications, excluding internet communications. *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1079 (C.D. Cal. 2023) (dismissing claim under first § 631 clause; collecting cases).

obtained;[3] or (4) aiding, agreeing with, employing, or conspiring with any person to do, permit, or cause to be done any of the foregoing. Cal. Penal Code § 631(a). Plaintiffs appear to only assert theories under the second and fourth clauses, but do not adequately plead any of these theories.

**1. *A Party To The Alleged Communications Is Not Liable Under The Second Clause Of § 631(a).***

Plaintiffs fail to plead a claim under the second clause because Health Net is a party to the communications at issue. A party to the communication cannot be held liable for alleged eavesdropping under the second clause of § 631(a). *See Licea*, 659 F. Supp. 3d at 1082 (collecting cases) (finding no § 631(a) claim pleaded under second clause where defendant was party to conversation with plaintiff); *Thomas v. Papa John's Int'l, Inc.*, No. 24-3557, 2025 WL 1704437, at *1 (9th Cir. June 18, 2025) (affirming dismissal because defendant was party to conversation, i.e., interactions on website). Because the alleged communications occurred on the Website where Health Net is a party to the communications (*see* Compl. ¶ 42), Health Net cannot be liable.

**2. *Plaintiffs Fail to Plead Aiding And Abetting Required Under The Fourth Clause Of § 631(a).***

Plaintiffs fail to plead the requisite aiding and abetting to recovery under the fourth clause. Plaintiffs' bare allegation that Health Net "aided, agreed with, conspired with, and employed the Tracking Entities to implement the Tracking Tools and to violate section 631" (Compl. ¶ 170) merely recites the words of the statute and does not allege *how* the third parties violated § 631, as required to survive a motion to dismiss. *See Licea v. Vitacost.com, Inc.*, 683 F. Supp. 3d 1118, 1123 (S.D. Cal. 2023) (dismissing aiding and abetting claim for failure to allege how third parties violated § 631).

---

[3] Plaintiffs also do not allege a violation of the third clause, but only the second and fourth clauses. Compl. ¶ 170. Even if Plaintiffs sought to recover under the third clause, the "in transit" argument detailed below likewise applies to the third clause.



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

Nor does Plaintiffs' bare allegation (Compl. ¶ 170) allege the requisite intent for aiding and abetting. Claims should be dismissed under this clause where, as here, plaintiffs fail to allege the defendant knew the third party was using or distributing the collected data. *See, e.g.*, *Rodriguez v. Ford Motor Co.*, 722 F. Supp. 3d 1104, 1124 (S.D. Cal. 2024) (dismissing aiding and abetting claim where plaintiff did not allege defendant knew third-party used users' chat data beyond storing it for defendant or distributing data to another party). Thus, Plaintiffs' claim under the fourth clause also does not survive.

**3. *Plaintiffs Further Fail To Allege Interception "In Transit."***

Plaintiffs' failure to plead an interception in transit is further fatal to their alleged claims under the second and fourth clauses. Section 631(a) claims do not survive unless the alleged interception occurred while the communication was "in transit." Cal. Penal Code § 631(a) (second clause requiring interception "in transit", third clause referencing "any information so obtained" as provided in second clause, and fourth clause referring to "any of the acts or things mentioned above in this section"); *Licea*, 659 F. Supp. 3d at 1084 (failing to state 631(a) claim where plaintiffs alleged no specific facts to show how or when interception occurred, only conclusory allegation third party "secretly intercepted"). The "in transit" requirement is interpreted narrowly. *See Bunnell v. Motion Picture Ass'n of Am.*, 567 F. Supp. 2d 1148, 1152 (C.D. Cal. 2007) ("Even if the storage phase is transitory and lasts only a few seconds, it is still considered 'electronic storage'").[4]

Similarly, Plaintiffs merely allege: the Tracking Tools enabled the Tracking Entities to "intercept, transmit, and use users' Sensitive Information in real time" (Compl. ¶ 56); the Tracking Tools "intercept[] users' Sensitive Information as it arrives at or is sent from users' devices" (Compl. ¶ 19); the TTD Pixel is configured

---

[4] Because the Wiretap Act also requires messages be intercepted while in transit, courts have looked to cases analyzing the Wiretap Act as informative of section 631(a). *Licea*, 659 F. Supp. 3d at 1084 (citations omitted).



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

to "capture[] the contents of the user's search communications in transit" (Compl. ¶ 96); and Health Net intercepted Plaintiffs' communications "contemporaneous with the communications['] transit" (Compl. ¶ 170). Plaintiffs' allegations do not detail how or when the interception took place and do not allow for an inference that the interception occurs in transit rather than in storage. Thus, Plaintiffs' allegations are akin to the bare allegations in *Licea* that were insufficient to state a § 631(a) claim. Because Plaintiffs fail to plead any viable theory under § 631(a), this claim should be dismissed.

**D. Plaintiffs Fail To Plead A § 638.51 CIPA Claim (Count V).**

Plaintiffs' own allegations about the collected contents plead the alleged tracking tools outside the scope of the statute's definitions of "pen register" and "trap and trace" devices. As Plaintiffs allege, section 638.51 restricts the use of "pen register" and "trap and trace" devices which capture incoming information "but not the contents of a communication" (Compl. ¶¶ 176-177). Cal. Penal Code §§ 638.50(b), 638.50(c). Tracking tools are neither a "pen register" nor "trap and trace" device where the complaint alleges they collect information within a communication (i.e., information a user provides directly to the website operator). *See, e.g.*, *Mitchener*, 815 F. Supp. 3d at 851 (dismissing claim with prejudice where defendant's use of third-party tracking software on website involved collection of digital fingerprints revealing user's biographical information provided directly from plaintiff to defendant); *Kishnani*, 2025 WL 1745726, at *4 (same).

Here, Plaintiffs allege the purported cookies and pixels capture the contents of a communication, such as "phone numbers, email addresses, routing information, addresses and other signaling information of website users" (Compl. ¶ 180) along with "users' selection of links, buttons, forms, and other on-page elements, as well as information entered into search fields" (Compl. ¶ 5). Plaintiffs further allege the purported interception captured "the substance of [Plaintiffs'] communications with

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

the Website" (Compl. ¶¶ 15-16) and refer to "intercepted contents" of such communications (Compl. ¶ 105). Because the purportedly intercepted information constitutes "information within a communication", the alleged tracking tools are not pen registers nor trap and trace devices. Accordingly, Plaintiffs' § 638.51 claim is also not viable.

Moreover, while the Court should dismiss this claim, the Court can alternatively stay this action pending the California Court of Appeal's decision on the scope of section 638.51 in *Variety Media, LLC v. Superior Court*, No. B350578 (Cal. App. Ct., petition filed Nov. 21, 2025). *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (district court may find it efficient and fairest course to stay action, pending resolution of independent proceedings which bear upon case). Should the Court consider denying this argument, the California Court of Appeal in *Variety Media* is currently and directly considering whether section 638.51 applies to routine website tracking technologies.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

**E. Plaintiffs Fail To State A CLRA Claim (Count VI).**

Plaintiffs are not qualified to bring a CLRA claim, and, in any event, fail to satisfy the heightened pleading standard or notice requirement. First, Plaintiffs fail to allege they are consumers who purchased or leased any goods or services. A CLRA claim may only be brought by consumers in connection with the sale or lease of goods or services. *See* Cal. Civ. Code § 1770(a). The Website is not a service under the CLRA because, as Plaintiffs allege, the Website is a "commercial website[.]" *See* Cal. Civ. Code § 1761(b) (defining "services" as "work, labor, and services for ***other than a commercial or business use***" (emphasis added)); *cf. Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1117 (N.D. Cal. 2016) (dismissing CLRA claim given software is neither good nor service under CLRA). Moreover, while Plaintiffs allege they used the Website to browse healthcare services and products (Compl. ¶ 189), they do not allege they purchased or leased any goods or services, nor that Health Net

performed any unfair or deceptive act in the course of such a transaction. This alone is fatal to Plaintiffs' claim. *See In re Facebook Priv. Litig.*, 791 F. Supp. 2d 705, 717 (N.D. Cal. 2011), *aff'd*, 572 F. App'x 494 (9th Cir. 2014) (dismissing CLRA claim with prejudice where plaintiffs did not suffer damages in connection with consumer transaction as defendant's website was free to register on and use).

Second, Plaintiffs' CLRA claim based on alleged fraud must, but fails to, satisfy the heightened pleading standard under Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). To survive a motion to dismiss, the complaint must explicitly identify the "who, what, when, where, and how" of the alleged fraud. *Doe v. SuccessfulMatch.com*, 70 F. Supp. 3d 1066, 1081 (N.D. Cal. 2014) (dismissing CLRA claim for failure to meet Rule 9(b) where plaintiffs failed to allege when they saw alleged representations, when they purchased any services, or when they discovered alleged fraud). Plaintiffs only broadly allege Health Net "fraudulently misrepresent[ed] the ability of users to reject cookies on the Website" and vaguely characterize alleged representations by quoting broad language in the CLRA. (Compl. ¶¶ 190-92). But Plaintiffs fail to specify what representation was made to them. Plaintiffs' CLRA claim specifies one statement by Health Net about its provision of care and coverage (Compl. ¶ 189) but fail to allege (a) they read or relied on that statement, (b) when they did so, (c) how that statement relates to cookies, or (d) how it was false. Plaintiffs thus fail to plead a misrepresentation with the requisite particularity.

Finally, Plaintiffs' claim for CLRA damages is defective because they never provided the requisite notice prior to filing this lawsuit. *See* Cal. Civ. Code § 1782(a); Chen Decl. ¶ 6, ECF 22-1.

**F. Plaintiffs Fail To State A Fraud Claim (Count VIII).**

Plaintiffs' fraud claim also fails under Rule 9(b)'s heightened pleading standard. This claim requires (1) a misrepresentation of material fact; (2) knowledge

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

of falsity; (3) intent to deceive and induce reliance; (4) actual and justifiable reliance; and (5) resulting damage. *Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545, 1557 (2011); *Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1139 (E.D. Cal. 2013) (fraud dismissed with prejudice where plaintiff did not adequately plead "in full, factually and specifically, all of the elements").

**1. *Plaintiffs Fail To Allege A Misrepresentation Under Rule 9(b).***

Plaintiffs' fraud claim does not meet the Rule 9(b) standard for the same reasons as Plaintiffs' CLRA claim. As discussed above, Plaintiffs' fraud claim fails to satisfy the heightened pleading requirement as it fails to "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming dismissal of fraud where allegations failed to identify all required details surrounding alleged fraud).

Indeed, Plaintiffs does not allege "the names of the persons who allegedly made the fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *See Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 977 (C.D. Cal. 2014) (dismissing fraud because plaintiffs "failed to identify any actionable statements or omissions attributable to" corporate defendant).

Further, Plaintiffs fail to identify a false or misleading statement and instead mischaracterize the Cookie Banner and Cookie Settings. A fraud claim cannot survive where plaintiffs fail to plead with particularity an alleged false statement and why it is false. *See, e.g.*, *Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1100-01 (S.D. Cal. 2006) (dismissing fraud claim for failure to state time, place, and nature of alleged misrepresentations or why the statements were false or misleading). Without specifying any statements in the Cookie Banner, Cookie

Settings, and unidentified "related disclosures" that Plaintiffs viewed (Compl. ¶ 208), Plaintiffs contend Defendant represented that declining non-essential cookies would limit the deployment of non-essential Tracking Tools (beyond cookies) and Health Net would not track users until they consented to the use of alleged Tracking Tools. (Compl. ¶¶ 208-209, 211). Even in the figures provided in the Complaint, the Cookie Banner and Cookie Settings only address limiting the deployment of non-essential *cookies*, not "non-essential Tracking Tools" more broadly as Plaintiffs contend. (Compl. ¶ 209).[5] Indeed, by Plaintiffs' own admission, Defendants' representation only addresses the use of cookies, not other tools such as pixels. (*See* Compl. ¶ 49 ("Defendant's Cookie Settings clearly inform users that [certain information] will not be intercepted and transmitted to the Tracking Entities ***through the use of cookies*** if they choose to reject all non-essential cookies." (emphasis added))). Plaintiffs' conclusory allegation that the representations offered "a blanket discontinuation of the sale or disclosure of personal information to Tracking Entities" (Compl. ¶ 53) is contradicted by the representations on which they rely. Thus, Plaintiffs' fraud claim also fails.

**2. *Plaintiffs Fail To Plausibly Plead Reliance.***

Plaintiffs also fail to plausibly plead reliance, which requires actual and justifiable detrimental reliance upon the defendant's misrepresentation. *Khan*, 975 F. Supp. 2d at 1139. Plaintiffs' reliance is not justifiable given that the representations Plaintiffs refer to in the Cookie Banner and Cookie Settings (Compl. ¶ 216) address only cookies and not other tracking tools. Indeed, Plaintiffs allege their "privacy selections" were "intended to prevent the use of ***non-essential cookies***" only. (Compl. ¶ 55 (emphasis added)). Because the Cookie Settings are plainly limited to settings as to cookies, Plaintiffs were on notice that the Cookie Settings did not disable

[5] "Tracking Tools" purportedly include the pixels discussed in the Complaint, which, as Plaintiffs allege, are distinct from cookies. *See* Compl. ¶ 3.



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

other tools like pixels and it is unreasonable for Plaintiffs to expect otherwise. The Website's Privacy Policy also plainly discloses the use of pixels separate from cookies (Privacy Policy, Chen Decl., Ex. A at 5, ECF 22-2), further precluding Plaintiffs' justifiable reliance. *See Khan*, 975 F. Supp. 2d at 1141 (dismissing fraud where plaintiff was "on notice of problems to frustrate the notion of her justifiable reliance" and complaint otherwise lacked allegations supporting justifiable reliance).

**G. Plaintiffs Fail To State A UCL Claim (Count VII).**

Plaintiffs lack UCL standing and fail to state the unlawful or unfair prongs that they asserted. *See* Compl. ¶¶ 197-200.

**1. Plaintiffs Lack Standing To Bring A UCL Claim.**

Plaintiffs do not plead an injury sufficient to establish UCL standing. To establish UCL standing, Plaintiffs must have suffered an injury in fact and lost money or property because of the unfair competition. *Doe I*, 741 F. Supp. 3d at 844-45 (citing *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009)). Loss of personal data is not sufficient to demonstrate an economic injury to survive a motion to dismiss. *See id.* (dismissing for lack of standing where plaintiffs alleged loss of control over personal information because plaintiffs had no property interest and failed to explain any monetary loss); *see also In re iPhone Application Litigation*, No. 11–MD–02250–LHK, 2011 WL 4403963, at *14 (N.D. Cal. Sept. 20, 2011) (referencing numerous courts that held "plaintiff's 'personal information' does not constitute money or property under the UCL"). Plaintiffs merely allege they lost "control of their personal data" and had their information tracked and recorded (Compl. ¶ 204), which does not come close to a loss of money or property.[6] *Doe I*, 741 F. Supp. 3d at 844. Thus,

[6] Even crediting Plaintiffs' vague allegations about the "diminution in value of their private data" (Compl. ¶¶ 150, 217) under their invasion of privacy claim and fraud claim, those are insufficient to confer standing under the UCL. *See, e.g.*, *Hubbard*, 2024 WL 3302066, at *9–10 (no standing absent allegations of "sufficient facts from which the [c]ourt may reasonably infer that [the alleged] misappropriation reduced the value of [p]laintiffs' information").



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

Plaintiffs fail to allege a loss of money or property for UCL standing, which dooms their claim.

Even if Plaintiffs were to have standing (which they do not), they fail to adequately plead claims under the UCL prongs they allege.[7]

**2. Plaintiffs Fail To Allege An "Unlawful" UCL Claim.**

Plaintiffs' "unlawful" UCL claim fails for the same reasons as its predicate nonviable federal and state statutory and common law claims. *See Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1094 (N.D. Cal. 2022) (claim under unlawful prong failed along with predicate invasion of privacy, CIPA, and fraud claims); *Bunnell*, 567 F. Supp. 2d at 1156-57 (claim under unlawful prong failed absent violation of law under predicate claims). Plaintiffs' claim under the "unlawful" prong is based on alleged violations of the Wiretap Act and CIPA and alleged fraud. Compl. ¶¶ 197-199. As discussed, *supra* sections V.A, V.C-V.D, V.F, Plaintiffs' predicate claims fail so their "unlawful" UCL claim must likewise be dismissed.

**3. Plaintiffs Fail To Allege An "Unfair" UCL Claim.**

Plaintiffs' allegations also do not satisfy any of the tests under the "unfair" prong for consumer UCL claims. *See Drum v. San Fernando Valley Bar Assn.*, 182 Cal. App. 4th 247, 257 (2010) (setting forth tests and finding plaintiff failed to state UCL claim where plaintiff satisfied none). First, as discussed above, *supra* section V.G.2, Plaintiffs do not adequately allege a violation of a specific constitutional, statutory, or regulatory provision, or that it threatens an incipient violation of antitrust law, or violates the policy or spirit of antitrust law. Thus, Plaintiffs fail the "tethering" test. *Id.*; *see also Nazemi v. Specialized Loan Servicing, LLC*, 637 F. Supp. 3d 856, 864 (C.D. Cal. 2022) (plaintiff failed tethering test given no factual allegations

---

[7] Plaintiffs base their UCL claim solely under the "unlawful" and "unfair" prongs of the UCL. Compl. ¶¶ 185-193. As such, Health Net's motion which seeks to dismiss Plaintiffs' entire UCL claim focuses on the unlawful and unfair UCL claims.

supporting alleged violation of constitutional, statutory, or regulatory provision or antitrust law).

Plaintiffs also fail the other potentially applicable tests. Plaintiffs do not allege any practice of Health Net "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" nor the utility of Health Net's conduct is outweighed by the gravity of the alleged harm to Plaintiffs. *Drum*, 182 Cal. App. 4th at 257. Thus, Plaintiffs do not meet these tests. Accordingly, because Plaintiffs lack standing (and therefore also lack UCL standing) and fail to satisfy any of the alleged prongs, the UCL claim must be dismissed.

### H. Plaintiffs Fail To State An Unjust Enrichment Claim (Count IX).

Plaintiffs' unjust enrichment claim depends on and thus fails along with their other claims. An unjust enrichment claim is not a standalone claim and fails where, as here, Plaintiffs fail to state a claim for any unlawful conduct giving rise to restitution. *See Doe I*, 741 F. Supp. 3d at 848-49 (dismissing unjust enrichment claim where plaintiffs did not state claim against defendant for any unlawful conduct, notwithstanding allegations defendant unjustly received economic benefit from use of plaintiffs' personal data without their consent).

## VI. CONCLUSION

Accordingly, Health Net requests the Court dismiss the Complaint in its entirety with prejudice.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

Dated: June 11, 2026

TROUTMAN PEPPER LOCKE LLP

By: */s/ Sheila Z. Chen*
Steven D. Allison
Sheila Z. Chen
Lynda B. Nguyen
Counsel for Defendant
HEALTH NET, LLC

**CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2**

The undersigned, counsel of record for Defendant Health Net, LLC, certifies that this brief contains 5,597 words, which complies with the 5,600 word limit set by court order dated April 30, 2026.

Dated: June 11, 2026

By: */s/ Sheila Z. Chen*
Sheila Z. Chen

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618