TROUTMAN PEPPER LOCKE LLP
Steven D. Allison (SBN 174491)
steven.allison@troutman.com
Sheila Z. Chen (307305)
sheila.chen@troutman.com
Lynda B. Nguyen (SBN 340720)
lynda.nguyen@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, CA 92618
Telephone: 949.622.2700
Facsimile: 949.622.2739

Counsel for Defendant Health Net, LLC

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEVE SHANNON and REBEKKA LIEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

HEALTH NET, LLC

Defendant.

Case No. 2:26-cv-03814-RGK-E

(Assigned to Hon. R. Gary Klausner)

**DEFENDANT HEALTH NET, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Date: July 13, 2026
Time: 9:00 a.m.
Courtroom: 850, 8th Floor
Judge: Hon. R. Gary Klausner

Action Filed: April 9, 2026

TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. PLAINTIFFS FAIL TO ALLEGE STANDING. ........ 1

III. PLAINTIFFS' OPPOSITION DOES NOT SAVE THEIR CLAIMS. ........ 3

A. Plaintiffs' Wiretap Act Claim Is Still Barred By Consent (Count I). ........ 3

B. Plaintiffs' § 631 Claim Fails Under The Alleged Clauses (Count IV). ........ 5

C. Plaintiffs' § 638.51 CIPA Claim Remains Nonviable (Count V). ........ 6

D. The Constitutional And Common Law Claims Fail (Counts II, III). ........ 7

E. Plaintiffs Still Fail To State A Fraud Claim (Count VIII). ........ 8

F. Plaintiffs' CLRA Claim Remains Defective (Count VI). ........ 9

G. Plaintiffs' UCL Claim Remains Inadequately Pleaded (Count VII). ........ 9

H. Plaintiffs' Unjust Enrichment Claim Still Fails (Count IX). ........ 10

IV. CONCLUSION ........ 10

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

## I. INTRODUCTION

Plaintiffs' attempt to recover under various federal and state causes of action for tracking basic, nonsensitive information with no protectable privacy interest is the type of claim courts have repeatedly rejected, and nothing in Plaintiffs' Opposition cures the deficiencies set forth in Health Net's motion to dismiss. Plaintiffs lack Article III standing because they fail to allege the disclosure of specific, sensitive personal information sufficient to establish a concrete injury—a defect their Opposition cannot cure with references to conclusory and vague descriptions. Their claims fare no better on the merits. The Wiretap Act claim is barred by the party consent defense. The CIPA §§ 631 and 638.51 claims flounder on the party exception and pleading deficiencies. The California constitutional and common law privacy claims fail for lack of a reasonable expectation of privacy and any highly offensive intrusion. Fraud and the CLRA claim fall short of Rule 9(b)'s heightened pleading standard. The UCL claim fails without a viable predicate violation or adequately alleged economic injury. And unjust enrichment does not fit the facts alleged. The Complaint should be dismissed in its entirety.

## II. PLAINTIFFS FAIL TO ALLEGE STANDING.

Plaintiffs' Opposition does not cure the failure to allege a concrete injury. Plaintiffs do not allege the specific personal information disclosed to invoke a protectable privacy interest for Article III standing, and the conclusory characterization of "Sensitive Information" is insufficient. (*See* ECF 22 ("Mot.") at 11-12; ECF 25 ("Opp.") at 9 n.2, 11).

Plaintiffs broadly assert Article III standing exists whenever a plaintiff alleges loss of control over personal information via tracking tools without consent, but Plaintiffs' authorities reinforce Health Net's argument that concrete injury requires the collection of specific invasive and personal information. *See Patel v. Facebook, Inc.*, 932 F.3d 1264, 1269 (9th Cir. 2019) (biometrics for facial recognition in violation of Illinois's Biometric Information Privacy Act); *Camplisson v. Adidas Am.,*

*Inc.*, 809 F. Supp. 3d 1095, 1104 (S.D. Cal. 2025) ("personally identifiable information"); *Shah v. MyFitnessPal, Inc.*, --- F.Supp.3d ---, 2026 WL 216334, at *3 (N.D. Cal. Jan. 27, 2026) ("personal topics like nutrition and fitness tracking"). *In re Facebook, Inc. Internet Tracking Litigation*[1] involved alleged correlation of browsing history with personal Facebook profiles, personalized employment history, and political and religious affiliations. 956 F.3d 589, 599 (9th Cir. 2020). *Gabrielli v. Haleon US Inc.*, 815 F. Supp. 3d 852, 867 (N.D. Cal. 2025) involved the input of sensitive health information, not alleged here. *See W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (courts should not read standing allegations into complaint). These cases are distinguishable from Plaintiffs' vague allegations that fail to specify invasive or personalized information collected.

Plaintiffs' allegations are more akin to those addressed in *Popa v. Microsoft Corp.*, where tracking interactions with one website, with no identification of specific invasive or private information collected, was insufficient to state concrete injury. 153 F.4th 784, 791-92 (9th Cir. 2025).[2] Indeed, Plaintiffs' vague allegations about "browsing activity, account-related interactions, device identifiers, and related metadata" do not identify any browsing activity or account-related interactions *they* engaged in that would disclose specific sensitive information (*e.g.*, ECF 1 ("Compl.") ¶¶ 15-16). Nor do Plaintiffs' broad allegations about user "data", "information", and "browsing activity" specify what personal information Plaintiffs purportedly disclosed or provided in any searches, let alone on Defendant's webpages with pixels. (Opp. at 11 (citing Compl.)). Plaintiffs thus fail to allege a concrete injury for Article III standing. *See, e.g.*, *Hughes v. Vivint, Inc.*, No. CV 24-3081-GW-KSX, 2024 WL 5179916, at *4 (C.D. Cal. July 12, 2024), *adopted*, 2024 WL 5179917 (C.D. Cal. Aug.

---

[1] Plaintiffs' other cited cases relying on *In re Facebook* are similarly unpersuasive. *Pemberton v. Rest. Brands Int'l, Inc.*, No. 25-CV-03647-JSC, 2025 WL 3268404, at *3 (N.D. Cal. Nov. 24, 2025); *Garcia v. Anschutz Ent. Grp., Inc.*, No. 5:25-CV-02282-SSS-DTBX, 2026 WL 1278912, at *4 (C.D. Cal. May 5, 2026).

[2] Plaintiffs do not address and thus concede that alleged loss of value of unprotected information does not confer standing. (Mot. at 12).



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

5, 2024) (no standing notwithstanding conclusory argument plaintiff's email address and phone number were captured by defendant's tracking because complaint did not allege she entered such information into any fields on website).[3]

Plaintiffs' reliance on *Gilligan v. Experian Data Corp.* is also inapposite. That case found standing based on a "materially more invasive" scope of tracking (than in *Popa*) where plaintiffs alleged unauthorized widespread data collection including "future web browsing activity across the internet" to compile specific protectable information into detailed profiles of each plaintiff. No. 25-CV-02873-RFL, 2026 WL 32259, at *2 (N.D. Cal. Jan. 6, 2026). In contrast, Plaintiffs' vague allegations regarding general tracking on websites (Compl. ¶¶ 39, 88, 91) do not demonstrate how the information alleged here is materially more invasive than the information tracked in *Popa*. Plaintiffs only allege their activity on Health Net's website, without specifying any protectable activity. Thus, fatal to their action, Plaintiffs lack standing.

## III. PLAINTIFFS' OPPOSITION DOES NOT SAVE THEIR CLAIMS.

### A. Plaintiffs' Wiretap Act Claim Is Still Barred By Consent (Count I).

Plaintiffs' Wiretap Act Claim legally fails because Health Net, as a party to the communications, consented to the alleged interception. *See* 18 U.S.C. § 2511(2)(d); *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 842 (N.D. Cal. 2024). Plaintiffs rely on Minnesota and Eighth Circuit cases for a purported distinction between "direct interceptors" and "procurers", but they do not show how any such distinction bears on the consent defense. *See Mekhail v. N. Mem'l Health Care*, 726 F. Supp. 3d 916, 927 (D. Minn. 2024) (applying party consent defense even in communications involving specific medical treatment information; "party exception presumptively applies to *any* alleged [Wiretap Act] violation" regardless of whether party is directly intercepting or procuring); *Reynolds v. Spears*, 93 F.3d 428, 432 (8th Cir. 1996)

[3] *Cf. Rodriguez v. Autotrader.com, Inc.*, 762 F. Supp. 3d 921, 926-27 (C.D. Cal. 2025) (no injury for standing where plaintiff did not describe any query contents).



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

(telephone conversations, not applicable here; not addressing one-party consent defense). Nor is *In re Facebook* apposite because the court narrowly assessed the applicability of the one-party consent exception based on the "technical context" of the case which involved the "simultaneous, unknown duplication and communication of GET requests" which Plaintiffs do not allege here. 956 F.3d at 607-08. None of Plaintiffs' cited paragraphs allege GET requests but rather Health Net's alleged tracking tools, which is the same context in *Doe I*. This Court should adopt *Doe I* and find the consent defense applies. 741 F. Supp. 3d at 842-43 (consent defense barred Wiretap Act claim against healthcare website operators that allegedly installed pixel).

Plaintiffs also invoke the crime-tort exception but fail to establish its applicability. *See* Mot. at 13. Plaintiffs' reliance on *Caldwell v. InMobi Pte Ltd.*, No. 25-CV-09977-AMO, 2026 WL 1162828, 2026 U.S. Dist. LEXIS 94801 (N.D. Cal. Apr. 29, 2026) is misleading, as *Caldwell* does not even address the exception or the Act. Plaintiffs also rely on cases where the invasion of privacy tort was sufficiently alleged because the specific information tracked was invasive and sensitive, unlike here. *See Allison v. PHH Mortg.*, No. 25-CV-05323-RFL, 2026 WL 1353827, at *11 (N.D. Cal. May 14, 2026) (involving sensitive *financial* information); *Krzyzek v. Openx Techs., Inc.*, 817 F. Supp. 3d 857, 869 (N.D. Cal. 2026) (involving creating new user profile or matching user to pre-existing profile, tracking browsing, and tracking future browsing across internet). Plaintiffs' reliance on *Riganian* is also misplaced because *Riganian* does not address Health Net's argument that the exception does not apply where the defendant's purpose is not criminal or tortious. *Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1091 (N.D. Cal. 2025) (deviating from certain cases to narrowly find one instance where motivations of financial gain cannot insulate from crime-tort exception). Plaintiffs' reliance on *Smart* is also unavailing as it involved a HIPAA violation, distinct from the interception alleged here. *Smart v. Main Line Health*, No. CV 22-5239, 2026 WL

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

1008171, at *4 (E.D. Pa. Apr. 14, 2026).[4] The Wiretap Act claim must be dismissed.

**B. Plaintiffs' § 631 Claim Fails Under The Alleged Clauses (Count IV).**

Plaintiffs' Opposition confirms their § 631 claim is predicated on only the second and fourth clauses of § 631(a) (Opp. at 14-17), but both are flawed.

First, Plaintiffs attempt to but cannot ignore that the party exception bars liability under the second clause. Plaintiffs' cases do not address the liability of a website operator as a direct party to the communication. *Ribas v. Clark*, 38 Cal. 3d 355, 362 (1985) (eavesdropper, not party to communication); *Rodriguez v. Aquatic Sales Solutions LLC*, 735 F. Supp. 3d 1208, 1228 (2024) (third-party software provider, not website operator). The other cases address § 631 claims against software providers and not Plaintiffs' § 631 claim against Health Net *as a website operator* and party to the communications. *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 897 (2023) (liability of software provider, not website operator); *Taylor v. ConverseNow Techs., Inc.*, 2025 WL 2308483, at *5 (N.D. Cal. Aug. 11, 2025) (same); *Turner v. Nuance Commc'ns, Inc.*, 735 F. Supp. 3d 1169, 1182 (N.D. Cal. 2024) (same).

Moreover, Plaintiffs rely on allegations about the tracking tools to plead aiding and abetting under the fourth clause, but do not actually plead facts to establish the third parties violated § 631(a) in the first instance, which is fatal to their claim. *Licea v. Vitacost.com, Inc.*, 683 F. Supp. 3d 1118, 1123 (S.D. Cal. 2023) (dismissing aiding and abetting claim for failure to plead third party violation of § 631). Plaintiffs cite purported allegations about "what information was disclosed" by the third parties to Health Net during the implementation of the pixels, but nowhere do they explain how Health Net knew any third party was using or distributing the collected data, beyond storing it for Health Net. (Opp. at 16 (citing Compl. ¶¶ 36-49, 58-84, 85-96)). Nor do Plaintiffs cite any authority that their conclusory allegations are sufficient to plead

[4] Plaintiffs' use of CIPA § 631's third clause as the criminal use distinct from the alleged interception also fails (Opp. at 14). *See Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1126 (C.D. Cal. 2015) (improper to assert an unpled theory to oppose motion to dismiss); Mot. at 15-18, n.3; Compl. ¶ 170 (third clause not pled).



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

aiding and abetting. These reasons alone defeat Plaintiffs' § 631 claim.

Additionally, Plaintiffs' cases with more detailed allegations underscore the deficiencies in their conclusory allegations regarding interception "in transit", "in real time", or "contemporaneously" and do not defeat Health Net's independent argument regarding the "in transit" element. (Mot. at 17-18; Opp. at 17; Compl. ¶¶ 40, 96, 136). As the Motion stated, Plaintiffs' conclusory allegations that the tracking tools "enabl[e]" the third parties to "track and collect Website users' Sensitive Information in real time" (*e.g.*, Compl. ¶ 40) are insufficient under *Licea* and do not address whether the interception occurred "in transit" or in storage under *Bunnell*. Mot. at 17; *Bunnell v. Motion Picture Ass'n of Am.*, 567 F. Supp. 2d 1148, 1152 (C.D. Cal. 2007). The allegations in Plaintiffs' authorities are thus distinguishable. *See Rodriguez*, 762 F. Supp. 3d at 928 (plaintiff's queries "rerouted" to third-party search engine provider and simultaneously shared with advertising companies, unlike here); *Aquatic Sales Sols. LLC*, 735 F. Supp. 3d at 1228 (third-party software routes chat *through* third-party's own servers); *Gianne v. Accor Mgmt. US Inc.*, No. CV 25-2425-DMG, 2026 WL 925522, at *1, 3 (C.D. Cal. Mar. 31, 2026) ("simultaneously duplicate" and "transmit" users' website communications to third parties' servers); *Heerde v. Learfield Commc'ns, LLC*, 741 F. Supp. 3d 849, 862 (C.D. Cal. 2024) (search terms replicated and sent in parallel to tracking entities). Plaintiffs' § 631 claim fails.

**C. Plaintiffs' § 638.51 CIPA Claim Remains Nonviable (Count V).**

Plaintiffs' alleged collected "contents" plead the alleged tracking tools outside the scope of the statute's definitions of "pen register" and "trap and trace" devices. Mot. at 18-19. Many of Plaintiffs' authorities do not even address this argument.[5]

[5] Plaintiffs' other cited cases are distinguishable. *Doe v. Talkiatry Mgmt. Servs., LLC*, 816 F. Supp. 3d 1206, 1212 (C.D. Cal. 2026) (alleged disclosure of identifiable health information in violation of HIPAA); *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924, 929 (N.D. Cal. 2024) (whether collected IP addresses, not information alleged here, constitute "contents" of communication which would fall outside of scope of § 638.51); *Garcia*, 2026 WL 1278912, at *3 (not addressing explicit allegations of collection of communication "contents"); *Gabrielli*, 815 F. Supp. 3d at 875 (same).



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

*Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1050-51 (S.D. Cal. 2023) (not addressing any argument about intercepted contents in relation to scope of § 638.51); *Casillas v. Six Flags Ent. Corp.*, 812 F. Supp. 3d 1016, 1033 (C.D. Cal. 2025) (same); *Krzyzek v. OpenX Techs., Inc.*, 817 F. Supp. 3d 857, 870 (N.D. Cal. 2026) (same). Thus, Plaintiffs' § 638.51 claim should thus be dismissed.[6]

**D. The Constitutional And Common Law Claims Fail (Counts II, III).**

Plaintiffs' California Constitution and common law privacy claims still fail because Plaintiffs allege neither a reasonable expectation of privacy nor highly offensive intrusion. *See Beltran*, 2025 WL 1635467, at *7. First, Plaintiffs' Opposition does not cure their failure to allege a reasonable expectation of privacy or protected privacy interest to satisfy the first element. *See, e.g.*, *Hubbard v. Google LLC*, No. 19-CV-07016-SVK, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024); Mot. at 14. Plaintiffs' attempt to distinguish *Hubbard* (Opp. at 18) is unavailing because any data collection here is not secret nor deceptive but openly disclosed in Health Net's privacy policy on the Website (*see* ECF 22-2, Privacy Policy, Chen Decl. Ex. A). Further, Plaintiffs' Opposition reinforces why *Beltran* is analogous—Plaintiffs' vague allegations, like those addressed in *Beltran*, do not allege any protected medical data. *See* 2025 WL 1635467, at *5-7; Opp. at 19. Plaintiffs' cited authorities are inapposite where Plaintiffs' allegations do not specify any sensitive information or search terms. *See Heerde*, 741 F. Supp. 3d at 864 (finding expectation of privacy based on alleged entry of search terms); *Shah*, 2026 WL 216334, at *4 (finding expectation of privacy in *health and fitness data*); *Brown v. Google LLC*, 685 F. Supp. 3d 909, 941 (N.D. Cal. 2023) (proffered evidence involving incognito searches revealing sexual orientation, political or religious views).

Plaintiffs' Opposition also fails to satisfy the second element requiring a highly offensive intrusion. Plaintiffs predicate a highly offensive intrusion on the

[6] But should the Court decline to dismiss the claim, a stay is warranted in light of the pending relevant issues in *Variety Media* as discussed in the Motion. Mot. at 19.



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

"information of the type and breadth alleged here" (Opp. at 19)—but alleges no information that is personal or protected, unlike Plaintiffs' cases. *See Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1047 (S.D. Cal. 2023) (religious affiliation, sexual orientation, medical condition); *Smith v. Rack Room Shoes, Inc.*, 2025 WL 2210002, at *5 (N.D. Cal. Aug. 4, 2025) (personally identifiable information but also not addressing highly offensive element); *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1232-33 (C.D. Cal. 2017) (statutorily protected video viewing history); *India Price v. Carnival Corp.*, 712 F. Supp. 3d 1347, 1363 (S.D. Cal. 2024) (user intended anonymity). Plaintiffs thus fail to plead a highly offensive intrusion. *See, e.g.*, *Hubbard*, 2024 WL 3302066, at *7; *Doe I*, 741 F. Supp. 3d at 844.

### E. Plaintiffs Still Fail To State A Fraud Claim (Count VIII).

Plaintiffs' fraud allegations do not satisfy Rule 9(b). *See* Mot. at 20-23. Contrary to Plaintiffs' contentions, the "what" and "how" are not plausibly pled because the purported representations allegedly relied upon only address cookies, not wholesale "third-party tracking" or "sale/sharing of their Sensitive Information" (Opp. at 20; *see* Mot. at 21-22). Likewise, Plaintiffs fail to plausibly plead falsity or reliance. *See Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1139 (E.D. Cal. 2013) (fraud requires false misrepresentation and actual and justifiable reliance).

Plaintiffs' only argument that the alleged "Tracking Tools" includes non-essential cookies (in addition to pixels) does not demonstrate falsity or justifiable reliance where (i) Plaintiffs do not dispute they had notice that the cookie settings did not disable other tools like pixels (Opp. at 21); and (ii) Plaintiffs only allege tracking tools including pixels, and not specifically *non-essential cookies*, were used after users rejected cookies (Compl. ¶¶ 3-7, 10, 15-16, 36-57). Because the cookie banner and settings only addressed non-essential cookies, Plaintiffs could not have justifiably relied on them to indicate any opt-out of other alleged tracking such as pixels and were indeed on notice of pixels through the privacy policy. This lack of justifiable reliance is fatal to Plaintiffs' claim. *See Khan*, 975 F. Supp. 2d at 1141 (plaintiff was

"on notice of problems to frustrate" justifiable reliance). Plaintiffs rely on cases that do not address the deficiencies in their fraud allegations. *Gabrielli*, 815 F. Supp. 3d at 873 (alleged use of cookies, not other tracking tools, after opt-out of cookies); *Pemberton*, 2025 WL 3268404, at *1 (same); *Casillas*, 812 F. Supp. 3d at 1035 (not addressing falsity or reliance). Plaintiffs' fraud claim fails.

**F. Plaintiffs' CLRA Claim Remains Defective (Count VI).**

Plaintiffs cannot salvage the flawed CLRA claim, which should be dismissed.

First, they effectively concede their claim is not based on any transaction of goods and argue only that the Website is a "service" under the CLRA. Opp. at 22. This sole argument fails since the CLRA applies to services "for ***other than a commercial or business use***" (Cal. Civ. Code § 1761(b) (emphasis added)) and Plaintiffs allege the Website is "commercial." (Compl. ¶ 2). *Doe v. Roblox Corp.* is unavailing as it does not address any allegation of a "commercial" website. 602 F. Supp. 3d 1243, 1264 (N.D. Cal. 2022) (gaming website providing entertainment service). Even if Plaintiffs could allege a qualifying transaction, they fail to satisfy the heightened pleading standard as discussed above.

Further, Plaintiffs concede untimely notice and cannot maintain a claim for damages. *See* Cal. Civ. Code § 1782(a); Opp. at 22-23; *see also Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1195 (S.D. Cal. 2005), *aff'd*, 252 F. App'x 777 (9th Cir. 2007) (dismissing damages claim with prejudice for notice defect); *Waller v. Hewlett-Packard Co.*, 2011 WL 6325972, at *6 (S.D. Cal. Dec. 16, 2011) (same).

**G. Plaintiffs' UCL Claim Remains Inadequately Pleaded (Count VII).**

Plaintiffs fail to allege an injury in fact and lost money or property and thus cannot establish UCL standing. *See* Mot. at 23; *Doe I*, 741 F. Supp. 3d at 844-45; *In re iPhone Application Litigation*, No. 11–MD–02250–LHK, 2011 WL 4403963, at *14 (N.D. Cal. Sept. 20, 2011) (citing cases). The "privacy harm" alleged in Plaintiffs' cases is not the same "type alleged" here where Plaintiffs' allegations do not specify any protected sensitive information. Opp. at 22; *see In re Meta Pixel Tax*

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

*Filing Cases*, 724 F. Supp. 3d 987, 1025 (N.D. Cal. 2024) (unauthorized use of protected personally identifiable financial and tax data and communications).[7]

Plaintiffs' Opposition also only addresses an "unlawful" UCL claim, thereby abandoning any "unfair" claim. Mot. at 24-25; Opp. at 23. The "unlawful" claim also fails since its predicate CLRA, Wiretap Act, and CIPA claims fail. Plaintiffs' cases are thus inapposite. *See* Opp. at 23 (citing cases with viable predicate claims).

### H. Plaintiffs' Unjust Enrichment Claim Still Fails (Count IX).

Plaintiffs' unjust enrichment claim should be dismissed because Ninth Circuit case law holds plaintiffs cannot have a standalone unjust enrichment claim where they fail to state a claim for unlawful conduct. *See* Mot. at 25; *Doe I*, 741 F. Supp. 3d at 849 (dismissing claim with same allegations about unjust receipt of profit from use of personal data). Plaintiffs argue unjust enrichment allows them to claim Health Net's profits but an adequately pled claim for unlawful conduct where defendant gained an unjust benefit is still required. *See Pemberton*, 2025 WL 3268404, at *8 (adequately pled fraud claim); *Gabrielli*, 815 F. Supp. 3d at 875 (same). Plaintiffs cite *In re Facebook*, but it does not address a standalone claim. 956 F.3d at 600. Moreover, Plaintiffs' allegations "Defendant benefited financially by selling and/or sharing their Sensitive Information without consent" (Opp. at 23) are not sufficient as, unlike the plaintiffs in *A.J.*, they do not show a reasonable expectation of compensation. *See A.J. v. LMND Med. Grp.*, No. 24-cv-03288-RFL, 2024 U.S. Dist. LEXIS 194480, at *13 (N.D. Cal. Oct. 25, 2024) (alleging "financially valuable medical information").

## IV. CONCLUSION

Thus, the Court should dismiss the Complaint with prejudice.

---

[7] Plaintiffs' other cases are also inapposite, where economic harm for UCL standing is based on alleged market for collected data. *See In re Tiktok, Inc.,* No. MDL 3144-GW-RAOX, 2025 WL 3628598, at *20 (C.D. Cal. Nov. 5, 2025) (demonstrated market for children's data); *Brown v. Google LLC*, No. 20-CV-03664-LHK, 2021 WL 6064009, at *15 (N.D. Cal. Dec. 22, 2021) (cash values of, and market for, collected data); *A.B. v. Google LLC*, 737 F. Supp. 3d 869, 881 (N.D. Cal. 2024) (same).



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

Dated: June 29, 2026 TROUTMAN PEPPER LOCKE LLP

By: */s/ Steven D. Allison*
Steven D. Allison
Sheila Z. Chen
Lynda B. Nguyen
Counsel for Defendant
HEALTH NET, LLC

**CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2**

The undersigned, counsel of record for Defendant Health Net, LLC, certifies that this brief does not exceed 10 pages and contains 3,171 words, which complies with the 10 page limit and 5,600 word limit set by court order dated April 30, 2026.

Dated: June 29, 2026 TROUTMAN PEPPER LOCKE LLP

By: */s/ Steven D. Allison*
Steven D. Allison
Sheila Z. Chen
Lynda B. Nguyen
Counsel for Defendant
HEALTH NET, LLC

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618