TROUTMAN PEPPER LOCKE LLP
Steven D. Allison (SBN 174491)
steven.allison@troutman.com
Sheila Z. Chen (SBN 307305)
sheila.chen@troutman.com
Lynda B. Nguyen (SBN 340720)
lynda.nguyen@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, CA 92618
Telephone: 949.622.2700
Facsimile: 949.622.2739

Counsel for Defendant Health Net, LLC



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEVE SHANNON and REBEKKA LIEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

HEALTH NET, LLC

Defendant.

Case No. 2:26-cv-03814-RGK-E

**DEFENDANT HEALTH NET, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

[*Filed Concurrently with Declaration of Sheila Z. Chen; Request for Judicial Notice;[Proposed] Order*]

Date: September 21, 2026
Time: 9:00 a.m.
Courtroom: 850, 8th Floor
Judge: Hon. R. Gary Klausner

Action Filed: April 9, 2026

**TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 21, 2026, at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable R. Gary Klausner in Courtroom 850 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California 90012, Defendant Health Net, LLC ("Health Net") will and hereby does move this Court for an order dismissing Plaintiffs' Amended Complaint in its entirety with prejudice. Health Net moves pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) on the grounds that Plaintiffs lack Article III standing, depriving the Court of subject matter jurisdiction. Health Net also moves pursuant to Rule 12(b)(6) on the grounds that the Amended Complaint fails to state a claim against Health Net upon which relief may be granted.

Health Net's motion is based on this notice, the attached memorandum of points and authorities, the concurrently filed declaration of Sheila Z. Chen, request for judicial notice, and supporting documents, the Amended Complaint and its attachments, the records and files of this Court, and such further evidence and argument as may be presented prior to or at the time of the hearing on the motion.

**This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 10, 2026, as detailed in the accompanying declaration of Sheila Z. Chen. Counsel for Health Net and Plaintiffs met via videoconference on Microsoft Teams and discussed the grounds upon which Health Net intends to dismiss the Amended Complaint. Counsel was unable to resolve the issues discussed at the meet and confer, which necessitates the filing of this motion.**

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1
II. FACTUAL BACKGROUND ..... 2
III. LEGAL STANDARD ..... 3
IV. PLAINTIFFS LACK STANDING ..... 4
V. PLAINTIFFS' FAC FAILS TO PLEAD A CLAIM ..... 6
  A. Plaintiffs' Wiretap Act Claim Is Barred. ..... 6
  B. Plaintiffs' Constitutional And Common Law Privacy Claims Fail ..... 7
    1. *Plaintiffs Do Not Plead A Reasonable Expectation Of Privacy.* ..... 7
    2. *Plaintiffs Do Not Plead A Highly Offensive Intrusion.* ..... 8
  C. Plaintiffs Fail To Allege A § 631 Violation. ..... 9
    1. *A Party To The Communications Is Not Liable Under The Second Clause Of § 631(a).* ..... 10
    2. *Plaintiffs Fail to Plead Aiding And Abetting Under The Fourth Clause Of § 631(a).* ..... 10
  D. Plaintiffs Fail To Plead A § 638.51 Claim. ..... 11
  E. Plaintiffs Fail To State A Fraud Claim. ..... 13
    1. *Plaintiffs Fail To Allege A Misrepresentation Under Rule 9(b).* ..... 13
    2. *Plaintiffs Fail To Plausibly Plead Reliance.* ..... 14
  F. Plaintiffs Fail To State A CLRA Claim. ..... 15
  G. Plaintiffs Fail To State A UCL Claim. ..... 16
    1. *Plaintiffs Lack Standing To Bring A UCL Claim.* ..... 16
    2. *Plaintiffs Fail To Allege An "Unlawful" UCL Claim.* ..... 17
    3. *Plaintiffs Fail To Allege An "Unfair" UCL Claim.* ..... 17
  H. Plaintiffs Fail To State An Unjust Enrichment Claim. ..... 18
VI. CONCLUSION ..... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.S. v. SelectQuote Ins. Servs.*,
No. 3:23-CV-02258-RBM-MSB, 2024 WL 3881850 (S.D. Cal. Aug. 19, 2024) .......... 2

*Abuelhawa v. Santa Clara Univ.*,
529 F. Supp. 3d 1059 (N.D. Cal. 2021) .......... 18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 3, 10

*B.K. v. Eisenhower Med. Ctr.*,
721 F. Supp. 3d 1056 (C.D. Cal. 2024) .......... 9

*Beltran v. Drs. Med. Ctr. of Modesto*,
No. 2:23-CV-01670-DC-CKD, 2025 WL 1635467 (E.D. Cal. June 9, 2025) .......... 4, 7, 8

*Bunnell v. Motion Picture Ass'n of Am.*,
567 F. Supp. 2d 1148 (C.D. Cal. 2007) .......... 17

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) .......... 3

*DeMille v. Am. Fed'n of Radio Artists*,
31 Cal. 2d 139 (1947) .......... 12

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) .......... 6, 16

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) .......... 12

*Doe v. Kachru*,
115 Cal. App. 5th 175 (2025) .......... 12



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

*Doe v. Kaiser Found. Health Plan, Inc.*,
No. 23-CV-02865-EMC, 2024 WL 1589982 (N.D. Cal. Apr. 11, 2024) ........ 6, 9

*Doe v. SuccessfulMatch.com*,
70 F. Supp. 3d 1066 (N.D. Cal. 2014) ........ 16

*Drum v. San Fernando Valley Bar Assn.*,
182 Cal. App. 4th 247 (2010) ........ 17, 18

*In re Facebook Priv. Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011) ........ 15

*Fernandez v. Leidos, Inc.*,
127 F. Supp. 3d 1078 (E.D. Cal. 2015) ........ 6

*Folgelstrom v. Lamps Plus, Inc.*,
195 Cal. App. 4th 986 (2011) ........ 8

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) ........ 17

*Harrill v. Emanuel Med. Ctr.*,
No. 2:23-CV-01672-DC-CKD, 2025 WL 1635428 (E.D. Cal. June 9, 2025) ........ 8

*Harrott v. Cnty. of Kings*,
25 Cal. 4th 1138 (2001) ........ 12

*Hipsher v. Los Angeles Cnty. Emps. Ret. Assn.*,
58 Cal. App. 5th 671 (2020) ........ 12

*Hubbard v. Google LLC*,
No. 19-CV-07016-SVK, 2024 WL 3302066 (N.D. Cal. July 1, 2024) ........ 7, 8, 17

*In re iPhone Application Litigation*,
No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ........ 16

*Jogani v. Superior Court*,
165 Cal. App. 4th 901 (2008) ........ 18

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

*Khan v. CitiMortgage, Inc.*,
975 F. Supp. 2d 1127 (E.D. Cal. 2013) .......... 13, 14, 15

*Knappenberger v. City of Phoenix*,
566 F.3d 936 (9th Cir. 2009) .......... 4

*Licea v. Am. Eagle Outfitters, Inc.*,
659 F. Supp. 3d 1072 (C.D. Cal. 2023) .......... 9, 10

*Licea v. Vitacost.com, Inc.*,
683 F. Supp. 3d 1118 (S.D. Cal. 2023) .......... 10

*Mitchener v. CuriosityStream, Inc.*,
815 F. Supp. 3d 845 (N.D. Cal. 2025) .......... 11

*Nazemi v. Specialized Loan Servicing, LLC*,
637 F. Supp. 3d 856 (C.D. Cal. 2022) .......... 17

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
51 F.4th 1125 (9th Cir. 2022) .......... 7

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) .......... 3, 4, 5

*Rodriguez v. Ford Motor Co.*,
722 F. Supp. 3d 1104 (S.D. Cal. 2024) .......... 10

*Rojas-Lozano v. Google, Inc.*,
159 F. Supp. 3d 1101 (N.D. Cal. 2016) .......... 15

*Salameh v. Tarsadia Hotel*,
726 F.3d 1124 (9th Cir. 2013) .......... 14

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998) .......... 14

*Thomas v. Papa John's Int'l, Inc.*,
No. 24-3557, 2025 WL 1704437 (9th Cir. June 18, 2025) .......... 10

*United States v. Forrester*,
512 F.3d 500 (9th Cir. 2008) .......... 12

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

*Variety Media, LLC v. Superior Court*,
No. B350578 (Cal. App. Ct., petition filed Nov. 21, 2025) .......... 13

**Statutes**

18 U.S.C. § 2511(2)(d) .......... 6

Cal. Civ. Code § 1761(b) .......... 15

Cal. Civ. Code § 1770(a) .......... 15

Cal. Civ. Code § 1782(a) .......... 16

Cal. Penal Code § 631(a) .......... 9, 10,11

Cal. Penal Code § 638.50 .......... 11

California Penal Code § 638.51 .......... 11, 12, 13

**Other Authorities**

Fed. R. Civ. P. 9(b) .......... 13, 15, 16

Fed. R. Civ. P. 12(b)(1) .......... 3, 6

Fed. R. Civ. P. 12(b)(6) .......... 3

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

## I. INTRODUCTION

Plaintiffs' Amended Complaint ("FAC") is another flawed attempt to assert a privacy interest based on allegations of routine information shared with a public website. The Court has already found no protected privacy interest, and Plaintiffs' statutory and common law claims are thus also nonviable.

First, the FAC still lacks standing as the Court identified in Plaintiffs' initial Complaint and thus should again be dismissed under Rule 12(b)(1). The FAC adds nothing specific to Plaintiff Shannon that could support standing. Nor do Plaintiffs' new allegations about theoretical health information of hypothetical website users and vaguely alleged search queries by Plaintiff Lien give rise to a protected privacy interest. Plaintiffs still fail to allege any concrete injury, and the Court should again dismiss for lack of standing.

Further, even if Plaintiffs could establish standing, Plaintiffs' FAC likewise contains defective statutory and common law claims which should be dismissed under Rule 12(b)(6):

- Plaintiffs' federal Wiretap Act claim is precluded by the consent defense;
- Plaintiffs' California Constitution and common law privacy claims are barred because Plaintiffs allege neither a protected privacy interest with a reasonable expectation of privacy nor a highly offensive intrusion;
- Plaintiffs' two alleged theories under § 631(a) of the California Invasion of Privacy Act ("CIPA") are flawed. Defendant Health Net, LLC ("Health Net") cannot have direct liability for alleged eavesdropping as a party to Plaintiffs' communications, and Plaintiffs do not adequately plead aiding-and-abetting or intent;
- Plaintiffs' CIPA § 638.51 claim fares no better as the alleged tracking tools are not "pen registers" and "trap and trace devices" within the meaning of the statute, which does not apply to public websites;

- Plaintiffs' common law fraud claim fails to plead a misrepresentation or reliance and lacks the requisite particularity;
- Plaintiffs' Consumer Legal Remedies Act ("CLRA") claim fails to allege with the requisite particularity a violation in connection with a transaction involving "goods or services," and Plaintiffs' notice defect precludes CLRA damages;
- Plaintiffs fail to state an Unfair Competition Law ("UCL") claim because they lack UCL standing, and Plaintiffs have failed to allege the requisite predicate violations under the "unlawful" and "unfair" prongs; and
- Plaintiffs' unjust enrichment claim is not a standalone claim.

Accordingly, the Court should dismiss the FAC without leave to amend.

## II. FACTUAL BACKGROUND

Health Net operates a public commercial website (www.healthnet.com) ("Website") where users can browse and access information regarding health insurance plans and services. (FAC ¶ 2, ECF 34). It provides users with a "Cookie Banner" and a "Cookie Preferences" panel, which discloses the Website uses cookies, allows users to opt out of non-essential cookies, and invites users to visit the "Cookie Policy." (FAC ¶ 2, Figs. 1, 8, 15). Neither the Cookie Banner nor Cookie Preferences represent that the use of pixels or tools other than cookies may be restricted by users' preferences. (FAC Figs. 1, 8, 15). Indeed, the Website's Privacy Policy discloses the use of pixels. (Privacy Policy, Chen Decl., Ex. A at 5, ECF 40-2; Website Home Page, Chen Decl., Ex. B, ECF 40-3; Request for Judicial Notice ("RJN") ¶¶ 1-2, ECF 40-4).[1]

[1] The Court may incorporate the Website and Privacy Policy by reference, as the FAC references select screenshots of the Website. *See A.S. v. SelectQuote Ins. Servs.*, No. 3:23-CV-02258-RBM-MSB, 2024 WL 3881850, at *4 (S.D. Cal. Aug. 19, 2024) (incorporating privacy policy by reference).



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

Plaintiffs contend their "Sensitive Information" was intercepted by cookies and pixels embedded on the Website. (FAC ¶ 5). This information consists of generic (i) interaction and behavioral data, including users' selections, webpages and products viewed, and information entered into search fields; (ii) inferred interests, preferences, age, location, or other characteristics based on user behavior and content engagement; and (iii) personal, device, and technical identifiers, such as device type, operating system, browser type, email addresses, and geolocation information derived from IP addresses. (FAC ¶ 5). The information at issue is thus, in sum, "browsing activity, device identifiers, and related metadata." (*E.g.*, FAC ¶ 15).

In granting Health Net's motion to dismiss Plaintiffs' initial Complaint, the Court found these alleged categories of information "reveal nothing more than users' general identifying information, what the users have seen, and the products and services that interest the users" which did not support a highly offensive interference nor actionable disclosure that may confer standing. (Order, ECF 33 at 5). Plaintiffs' FAC alleges nothing new as to Shannon, only adds Lien's non-descript searches about tests and clinics that do not specify what health information was revealed, and now relies on certain theoretical searches conducted by hypothetical users on a public website. (FAC ¶¶ 15-16, 97-101).

## III. LEGAL STANDARD

Dismissal under Rule 12(b)(1) is proper where Plaintiffs lack standing (specifically, a concrete and particularized injury). *Popa v. Microsoft Corp.*, 153 F.4th 784, 788 (9th Cir. 2025).

Dismissal under Rule 12(b)(6) is proper unless the complaint contains sufficient factual matter, accepted as true, to state a claim for relief plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court need not accept as true merely conclusory allegations or unwarranted deductions of fact. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

Leave to amend is not required where the pleading cannot be cured and amendment would be futile. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

**IV. PLAINTIFFS LACK STANDING**

Plaintiffs' FAC must be dismissed for lack of standing because nothing in the FAC cures the defects previously identified by the Court. (*See* Order at 3-6). As the Court held, Plaintiffs' allegations must establish how Health Net's tracking of *Plaintiffs' interactions* caused harm akin to highly offensive interferences or disclosures actionable at common law. (*See id.* at 4-5 (citing *Popa*, 153 F.4th at 791-92 (no standing where plaintiff failed to identify particular invasive or private information collected))). Plaintiffs' FAC still does not allege a protected privacy interest establishing a concrete injury and its limited new allegations about search queries by one plaintiff do not cure this flaw.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

First, Plaintiffs did not add any new allegations related to Shannon; thus, Shannon still lacks standing for all the same reasons the Court has already found. (Order at 4-6). To the extent Shannon relies on non-specific allegations about "information related to interaction and behavioral data, browsing activity[,] account-related interactions, pages viewed, engagement data, and 'persistent identifiers'", the Court already found these general allegations do not confer standing. (*Id.* at 5). The FAC does not amend these insufficient overarching and generic categories of data or "Sensitive Information." (FAC ¶ 5).

Second, the only new allegation specific to either of the Plaintiffs is about Lien's alleged searches "related to" blood test results and "for" therapists and clinics. (FAC ¶ 16). But "generally browsing for information on health conditions, symptoms, and doctors" on a public website does not constitute protected health information. *See, e.g.*, *Beltran v. Drs. Med. Ctr. of Modesto*, No. 2:23-CV-01670-DC-CKD, 2025 WL 1635467, at *6 (E.D. Cal. June 9, 2025) (dismissing for lack of

cognizable legal theory and failure to state invasion of privacy claims where complaint did not specify what protected health information plaintiffs provided to defendant). Notably, Lien does not even allege she used the Website to *view* her blood results or *communicate* with providers, or that her sensitive medical information was shared in connection with her "searches." Rather, Lien focuses on a single conclusory allegation about her general browsing activity, which does not show how the alleged tracking of these interactions caused harm to Lien that is highly offensive or actionable at common law to confer standing. *See Popa*, 153 F.4th at 791-92; (Order at 4-5).

Furthermore, the FAC's allegations suffer the same "threshold defect" previously identified by the Court because they fail to describe what protected health information from Plaintiffs was even collected. (Order at 5; *see, e.g.*, FAC ¶ 175). The Court found that allegations about what the collected data "*may* include" are "overly vague and speculative to adequately establish a specific underlying harm." (Order at 5 (relying on *Popa*, 153 F.4th at 790)). Plaintiffs attempt to skirt this finding by replacing "may include" with "[u]pon information and belief," but underneath these stylistic changes, the FAC still only describes information collected from theoretical users generally, rather than information actually collected from Plaintiffs.[2] (FAC ¶ 5).[3] Thus, the FAC still does not allege "what harm Plaintiffs *actually* suffered." (Order at 5). Plaintiffs' other new allegations again describe health information that "*may*" be collected based on a hypothetical user's Website

---

[2] To the extent Plaintiffs assert these allegations on behalf of a "putative class," Plaintiffs' current class certification deadline passed on July 20, 2026. (Standing Order, ECF 14 at 5, ¶ 7; Order Denying Stipulation to Continue Deadlines for Class Certification Briefing, ECF 36).

[3] The types of information alleged here fall within the overarching categories the Court found insufficient (i.e., interaction and behavioral data, browsing activity, account-related interactions, pages viewed, engagement data, and persistent identifiers). (Order at 5).



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

interactions. (FAC ¶¶ 98-101). Again, allegations about theoretical harms not specifically experienced by Plaintiffs and general health information not specifically belonging to Plaintiffs are insufficient to confer standing. (*E.g.*, FAC ¶¶ 103-04; Order at 5).

Finally, Plaintiffs' vague and unsupported allegations about the loss of control or value of their unprotected information also cannot confer standing without specific facts about the use of that information (*e.g.*, FAC ¶¶ 189, 257). *See Fernandez v. Leidos, Inc.*, 127 F. Supp. 3d 1078, 1088-89 (E.D. Cal. 2015) (no standing absent allegation of attempt, intent, or inability to sell personal information). The Court should again dismiss the FAC under Rule 12(b)(1).

## V. PLAINTIFFS' FAC FAILS TO PLEAD A CLAIM

### A. Plaintiffs' Wiretap Act Claim Is Barred.

Plaintiffs' Wiretap Act claim is defective because the FAC admits Health Net consented to the alleged interception of communications. (*See* FAC ¶¶ 42-43). There is no liability under the Wiretap Act where a party to the allegedly intercepted communications consented to the "interception." 18 U.S.C. § 2511(2)(d); *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 842 (N.D. Cal. 2024) (dismissing claim because website provider consented to alleged tracking, collection, and monetization of PHI through embedded pixels). Thus, even if the deployment of Tracking Tools qualified as an "interception," Health Net's consent to the deployment of the pixels precludes liability. *See, e.g., Doe I*, 741 F. Supp. at 842-43 (choice to install pixel on website was sufficient for consent defense).

To the extent Plaintiffs again rely on the crime-tort exception to the consent defense, Plaintiffs fail to allege the interception occurred "for the purpose of committing any criminal or tortious act" separate from the alleged interception. *See id.* at 843 n.4 (no criminal or tortious purpose where purpose of alleged interception was not to perpetuate torts on users, but to make money); *Doe v. Kaiser Found. Health*



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

*Plan, Inc.*, No. 23-CV-02865-EMC, 2024 WL 1589982, at *10 (N.D. Cal. Apr. 11, 2024) (exception not applicable where purpose of alleged interception of health information to third parties was not illegal but for market research and consumer analysis). Plaintiffs do not allege Health Net acted with any independent criminal purpose. *See Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1136 (9th Cir. 2022) (exception not applicable where alleged purpose was not separate from interception). Nor do Plaintiffs plausibly plead a tortious act or purpose, as their invasion of privacy and fraud claims fail. *See infra* sections V.B, V.E. Rather, the FAC concedes the purpose of tracking cookies is to facilitate website analytics and advertising, both legal activities. (*E.g.*, FAC ¶ 41, Fig. 8). The consent defense thus applies and bars Plaintiffs' Wiretap Act claim.

**B. Plaintiffs' Constitutional And Common Law Privacy Claims Fail.**

Plaintiffs' constitutional and common law privacy claims also fail because, even as amended, the alleged tracking of browsing activity, basic identifiers, and vague health information on the public Website does not give rise to (1) a reasonable expectation of privacy or (2) a highly offensive intrusion. *Beltran*, 2025 WL 1635467, at *7.

***1. Plaintiffs Do Not Plead A Reasonable Expectation Of Privacy.***

Plaintiffs fail to allege the first element for their privacy claims because they have no reasonable expectation of privacy in the "browsing activity, device identifiers, and related metadata" (FAC ¶¶ 185, 196) nor the general health information they allege (*e.g.*, FAC ¶¶ 15-16, 97-101). *E.g.*, *Hubbard v. Google LLC*, No. 19-CV-07016-SVK, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024) (dismissing privacy claims alleging collection of browsing history, interactions with website, and users' addresses and identifiers because "[c]ontemporary internet browsing involves the collection of users' data, including by tracking users across the internet, and a reasonable user should expect as much"); *Beltran*, 2025 WL 1635467,

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

at *7-8 (no reasonable expectation of privacy based on allegations about general medical data rather than specific sensitive health information plaintiffs provided). As in *Beltran* where the plaintiffs' privacy claims failed because the alleged use of a Meta pixel to track users' browsing activity on a public website operated by a health system did not amount to a disclosure of sensitive medical information, here too Plaintiffs' claims based on similar allegations likewise fail. *Id.* at *5-7. Even the other allegations about Lien's "search queries related to the results of blood tests" and searches for "therapists and possibly alternative treatment clinics" amount to nothing more than routine inquiries and do not identify protected health information about Lien (FAC ¶ 16). *See Harrill v. Emanuel Med. Ctr.*, No. 2:23-CV-01672-DC-CKD, 2025 WL 1635428, at *5 (E.D. Cal. June 9, 2025) (general searches related to health conditions, symptoms, and doctors insufficient to infer disclosure of PHI).

### 2. *Plaintiffs Do Not Plead A Highly Offensive Intrusion.*

Even if Plaintiffs could allege a protected privacy interest in the Sensitive Information, like Plaintiffs' original complaint, the FAC fails to meet the high bar of pleading a highly offensive intrusion. Courts have dismissed privacy claims where the plaintiff fails to allege a disclosure that is an "egregious breach of the social norms[.]" *Hubbard*, 2024 WL 3302066, at *7 (finding disclosure of browsing history and user data to third parties was not highly offensive invasion of privacy, but mere "routine commercial behavior"). Indeed, the FAC pleads the same allegations regarding browsing activity and basic identifiers, which the Court already found "reveal nothing more than users' general identifying information, what the users have seen, and the products and services that interest the users" (Order at 4-5), and thus, do not amount to an egregious breach of social norms that is highly offensive. *See id.*; *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 992 (2011) (using address to mail advertisements was not egregious but routine commercial behavior). Plaintiffs' new allegations regarding purported "health information" also do not establish a





TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

highly offensive intrusion or egregious breach of social norms as they do not adequately allege any of *Plaintiffs'* personal medical information was disclosed. *See B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056, 1067 (C.D. Cal. 2024) (allegations about "routine medical searches and inquiries" not highly offensive or egregious and did not demonstrate plaintiffs' medical information was disclosed).

Moreover, there is no highly offensive intrusion because Plaintiffs do not allege that Health Net knew or approved of third parties using any collected information for their own purposes rather than for Health Net's benefit (*see generally, e.g.*, FAC ¶¶ 61-96, 105-07, 182-201). *See Kaiser Found. Health Plan, Inc.*, 2024 WL 1589982, at *19 (no highly offensive conduct given no allegations defendant knew or approved of third parties using tracked information for their own purposes rather than for defendant's benefit). Thus, Plaintiffs fail to allege a highly offensive intrusion. Because Plaintiffs fail to meet both elements of their privacy claims, they should be dismissed.

C. **Plaintiffs Fail To Allege A § 631 Violation.**

Plaintiffs' CIPA claim fails because the FAC does not plausibly plead a violation of § 631. Plaintiffs must plead (1) intentional tapping, or making any unauthorized connection, with any telegraph or telephone wire, line, cable, or instrument;[4] (2) willful and without the consent of all parties to the communication, or in any unauthorized manner, reading or learning (or attempting to) the contents or meaning of any message, report, or communication while the same is in transit or is being sent from, or received at, any place within California; (3) using or communicating (or attempting to) any information so obtained;[5] or (4) aiding,

---

[4] Plaintiffs do not allege a theory under the first clause, nor can they, as courts have consistently limited the first clause to "communications over telephones and not through the internet." *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1079 (C.D. Cal. 2023) (collecting cases).

[5] Plaintiffs also do not allege a violation of the third clause. (*See* FAC ¶ 209).

agreeing with, employing, or conspiring with any person to do, permit, or cause to be done any of the foregoing. Cal. Penal Code § 631(a). Plaintiffs appear to only assert theories under the second and fourth clauses, but do not adequately plead either.

1. ***A Party To The Communications Is Not Liable Under The Second Clause Of § 631(a).***

Plaintiffs fail to plead a claim under the second clause because Health Net is a party to the alleged communications. *See Licea*, 659 F. Supp. 3d at 1082 (finding no § 631(a) claim pleaded under second clause where defendant was party to conversation with plaintiff); *Thomas v. Papa John's Int'l, Inc.*, No. 24-3557, 2025 WL 1704437, at *1 (9th Cir. June 18, 2025) (affirming dismissal because defendant was party to website interactions). Because the alleged communications occurred on the Website where Health Net is a party to the communications (FAC ¶ 42), Health Net cannot be liable under the second clause.

2. ***Plaintiffs Fail to Plead Aiding And Abetting Under The Fourth Clause Of § 631(a).***

The FAC fails to adequately plead aiding and abetting under the fourth clause. Plaintiffs' bare allegation that Health Net "aided, agreed with, conspired with, and employed the Tracking Entities to implement the Tracking Tools and to violate section 631" (FAC ¶ 209) recites the language of the statute but does not allege *how* the third parties violated § 631, as required to survive a motion to dismiss. *See Licea v. Vitacost.com, Inc.*, 683 F. Supp. 3d 1118, 1123-24 (S.D. Cal. 2023) (dismissing aiding and abetting claim for failure to allege how third parties violated § 631); *see also Iqbal*, 556 U.S. at 678 (threadbare recitals of elements are insufficient).

Nor do Plaintiffs allege the requisite intent (*see, e.g.*, FAC ¶¶ 205-11). *See, e.g.*, *Rodriguez v. Ford Motor Co.*, 722 F. Supp. 3d 1104, 1124 (S.D. Cal. 2024) (dismissing claim where plaintiff did not allege defendant knew third-party was

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

distributing or using users' data unlawfully). Plaintiffs' claim under the fourth clause likewise fails.

D. **Plaintiffs Fail To Plead A § 638.51 Claim.**

Even as amended, Plaintiffs cannot state a CIPA claim under § 638.51 because the alleged tracking tools are not "pen registers" or "trap and trace devices" within the meaning of the statute. This criminal statute defines: (1) a "pen register" as a "device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility" and (2) a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication." Cal. Penal Code § 638.50(b), (c). Contrary to Plaintiffs' allegations, nothing in the statute defines "device" or "process" to capture a website or "Tracking Tools" collecting non-telephonic data. *See generally id.* § 638.50; FAC ¶¶ 215-17. Moreover, the statute expressly excludes the collection of "contents of communications" from the definition of "pen registers" and "trap and trace" devices. Cal. Penal Code § 638.50(b), (c). Thus, § 638.51 does not apply to Plaintiffs' alleged interception of the "substance of [Plaintiffs'] communications with the Website[.]" (FAC ¶¶ 15-16; *see also* FAC ¶ 144 (referring to "intercepted contents" of such communications)).[6]

Nor should this provision apply to websites as § 638.51's statutory framework presumes that "pen registers" and "trap and trace devices" are used to monitor telephone communications, not online interactions. Where § 638.51 prohibits use of such devices without first obtaining a court order, § 638.52(d)(3) requires any court

[6] *See also Mitchener v. CuriosityStream, Inc.*, 815 F. Supp. 3d 845, 850 (N.D. Cal. 2025) (dismissing claim with prejudice where website's third-party tracking software collected information provided by plaintiff to defendant).

order to state "[t]he number and, if known, *physical location of the telephone line* to which the pen register or trap and trace device is to be attached and, in the case of a trap and trace device, the geographic limits of the trap and trace order." (Emphasis added). If this criminal statute were to require website providers to obtain court orders for the use of Tracking Tools, the text of the statute would not be limited to identifying the "physical location of the telephone line" but would also require identification of tracking technology deployed on a commercial website. *See Doe v. Kachru*, 115 Cal. App. 5th 175, 198 (2025) (cautioning against "lift[ing] selected words out of a statute and examin[ing] them sans the statutory framework of which they are a part").

This glaring omission is particularly troubling given that § 638.51 is a *criminal* statute and thus should be construed narrowly to "include only those offenses coming clearly within the import of [its] language." *DeMille v. Am. Fed'n of Radio Artists*, 31 Cal. 2d 139, 156 (1947); *accord Harrott v. Cnty. of Kings*, 25 Cal. 4th 1138, 1154 (2001) (rule of lenity applies even when action is not criminal prosecution because it imposes criminal penalties); *cf. Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1118 (N.D. Cal. 2025) (counseling for application of rule of lenity to interpret CIPA because it is a criminal statute even if most CIPA cases are civil actions). Plaintiffs' alleged legal theory would produce absurd results—exposing virtually every website operator to criminal liability and financial penalties for the collection of IP addresses and device metadata that are part of routine website operation in which Plaintiffs have no privacy interest. *See United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) ("[E]mail and Internet users have no expectation of privacy in the to/from addresses of their messages or the IP addresses of the websites they visit[.]"). Again, had the Legislature intended to render this conduct a *criminal* offense, it would have articulated this intent far more clearly. *See Hipsher v. Los Angeles Cnty. Emps. Ret. Assn.*, 58 Cal. App. 5th 671, 703-04 (2020) (court "must select the construction that comports most closely with the apparent intent of the Legislature . . .and avoid



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

an interpretation that would lead to absurd consequences") (citations omitted).[7] At bottom, nothing in the statute prohibits "Tracking Tools" on public websites and the Court should not contort the plain language of § 638.51 to impose potential criminal liability by expanding the definition of a "pen register" or "trap and trace device."

E. **Plaintiffs Fail To State A Fraud Claim.**

The FAC still fails to satisfy Rule 9(b)'s heightened pleading standard for fraud. To state a claim for fraud, Plaintiffs must allege (1) a misrepresentation of material fact; (2) knowledge of falsity; (3) intent to deceive and induce reliance; (4) actual and justifiable reliance; and (5) resulting damage. *Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1139 (E.D. Cal. 2013).

1. ***Plaintiffs Fail To Allege A Misrepresentation Under Rule 9(b).***

The FAC fails to satisfy the Rule 9(b) standard because Plaintiffs do not "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming dismissal of fraud where allegations failed to identify all required details). Plaintiffs only broadly allege Health Net "fraudulently misrepresent[ed] the ability of users to reject cookies on the Website" and vaguely characterize alleged representations by quoting broad language from the CLRA (FAC ¶¶ 229-31) but fail to specify what representation was made to them.

Rather than identify a false or misleading statement, Plaintiffs instead mischaracterize the Cookie Banner and Cookie Settings. Notably, instead of quoting the Cookie Banner, Cookie Settings, or the unidentified "related disclosures" Plaintiffs allegedly viewed (FAC ¶ 248), Plaintiffs claim Health Net represented that

---

[7] This very issue is currently on appeal in the California Court of Appeal. *See Variety Media, LLC v. Superior Court*, No. B350578 (Cal. App. Ct., petition filed Nov. 21, 2025).



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

declining non-essential cookies would limit the deployment of non-essential Tracking Tools (beyond cookies) and Health Net would not track users until they consented to the use of alleged Tracking Tools. (FAC ¶¶ 248-49, 251). But these conclusory allegations are contradicted by the screenshots in the FAC, which clearly indicate that the Cookie Banner and Cookie Settings only address non-essential *cookies*, not all "non-essential Tracking Tools" as Plaintiffs broadly contend. (*E.g.*, FAC ¶ 249, Figs. 8, 15); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (court can disregard conclusory allegations contradicted by documents referenced in complaint).[8] Indeed, by Plaintiffs' own admission, Health Net's representation only addresses the use of cookies, not other tools such as pixels. (*See* FAC ¶ 49 ("Defendant's Cookie Settings clearly inform users that [certain information] will not be intercepted and transmitted to the Tracking Entities ***through the use of cookies*** if they choose to reject all non-essential cookies." (emphasis added))). Plaintiffs' conclusory allegation that the representations offered "a blanket discontinuation of the sale or disclosure of personal information to Tracking Entities" (FAC ¶ 53) is thus contradicted by the actual representations on which they rely.

2. ***Plaintiffs Fail To Plausibly Plead Reliance.***

Plaintiffs also fail to plausibly plead reliance, which requires actual and justifiable detrimental reliance upon the defendant's misrepresentation. *Khan*, 975 F. Supp. 2d at 1141. Given that the representations in the Cookie Banner and Cookie Settings address only cookies and not other tracking tools, Plaintiffs' reliance on these statements is not justified or reasonable. (FAC ¶ 256). Indeed, Plaintiffs allege their "privacy selections" were "intended to prevent the use of ***non-essential cookies***" only. (FAC ¶ 55 (emphasis added)). Because the option to opt out via the Cookie Settings

[8] "Tracking Tools" purportedly include the pixels discussed in the FAC, which, as Plaintiffs allege, are distinct from cookies. *See* FAC ¶ 3.



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

is plainly limited to cookies, opting out of non-essential cookies did not disable other tools like pixels. Moreover, the Website's Privacy Policy explicitly discloses the use of pixels separate from cookies. (Privacy Policy, Chen Decl., Ex. A at 5, ECF 40-2). Thus, Plaintiffs' interpretation that statements limited to the use of non-essential cookies apply to all other tracking tools is not justifiable. *See Khan*, 975 F. Supp. 2d at 1141 (no justifiable reliance where plaintiff was "on notice of problems to frustrate the notion of her justifiable reliance").

### F. Plaintiffs Fail To State A CLRA Claim.

Plaintiffs are not qualified to bring a CLRA claim, and, in any event, fail to satisfy the heightened pleading standard or notice requirements. First, Plaintiffs fail to allege they are consumers who purchased or leased any goods or services. *See* Cal. Civ. Code § 1770(a) (CLRA claim requires "transaction intended to result or that results in the sale or lease of goods or services"). The Website is not a service under the CLRA because, as Plaintiffs allege, the Website is a "commercial website[.]" *See* Cal. Civ. Code § 1761(b) (defining "services" as "work, labor, and services for ***other than a commercial or business use***" (emphasis added)); *cf. Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1117 (N.D. Cal. 2016) (holding online security authentication software is neither good nor service because it is not a tangible product and does not offer ongoing service). Moreover, while Plaintiffs allege they used the Website to browse healthcare services and products (FAC ¶ 228), they do not allege they purchased or leased any goods or services, nor that Health Net performed any unfair or deceptive act in the course of such a transaction. This alone is fatal to Plaintiffs' claim. *See In re Facebook Priv. Litig.*, 791 F. Supp. 2d 705, 717 (N.D. Cal. 2011) (dismissing CLRA claim with prejudice where plaintiffs could not allege a consumer transaction as defendant's website was free to use).

Second, as set forth above, Plaintiffs' CLRA claim based on alleged fraud fails to satisfy Rule 9(b). *See supra* section V.E. While Plaintiffs' CLRA claim specifies



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

one statement by Health Net about its provision of care and coverage (FAC ¶ 228), Plaintiffs fail to allege (a) they read or relied on that statement, (b) when they did so, (c) how that statement relates to cookies or pixels, or (d) how it was false. *See Doe v. SuccessfulMatch.com*, 70 F. Supp. 3d 1066, 1081 (N.D. Cal. 2014) (failure to allege when plaintiff saw representations, purchased services, or discovered fraud did not satisfy Rule 9(b)).

Finally, Plaintiffs do not allege they provided the requisite pre-lawsuit notice under the CLRA to seek damages under the CLRA. *See* Cal. Civ. Code § 1782(a); (*see generally* FAC ¶¶ 224-33; Chen Decl. ¶ 6, ECF 40-1).

G. **Plaintiffs Fail To State A UCL Claim.**

Plaintiffs lack UCL standing and fail to state the unlawful or unfair prongs they asserted. *See* FAC ¶¶ 237-40.

1. ***Plaintiffs Lack Standing To Bring A UCL Claim.***

Plaintiffs do not plead an injury sufficient to establish UCL standing, which requires an injury in fact and lost money or property because of the alleged unfair competition. *Doe I*, 741 F. Supp. 3d at 844-45. Loss of personal data is not sufficient to demonstrate an economic injury. *See id.* (no standing where plaintiffs alleged loss of control over personal information because plaintiffs had no property interest and failed to explain monetary loss); *In re iPhone Application Litigation*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *14 (N.D. Cal. Sept. 20, 2011) ("[P]laintiff's 'personal information' does not constitute money or property under the UCL."). Plaintiffs merely allege they lost "control of their personal data" and had their information tracked and recorded (FAC ¶ 244), which does not come close to a loss of money or property.[9] *Doe I*, 741 F. Supp. 3d at 844. Thus, Plaintiffs fail to allege a loss of money or property, which dooms their claim.

[9] Plaintiffs' vague allegations about the "diminution in value of their private data" (FAC ¶¶ 189, 257) are likewise insufficient to confer standing under the UCL. *See,*



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

Even if Plaintiffs alleged UCL standing (which they did not), they fail to adequately plead claims under the UCL prongs they allege.[10]

2. ***Plaintiffs Fail To Allege An "Unlawful" UCL Claim.***

Plaintiffs' claim under the "unlawful" prong is based on alleged violations of the Wiretap Act and CIPA and alleged fraud. FAC ¶¶ 237-39. Plaintiffs' "unlawful" UCL claim fails for the same reasons as its predicate nonviable federal and state statutory and common law claims. *See Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1094 (N.D. Cal. 2022) (claim under unlawful prong failed along with predicate invasion of privacy, CIPA, and fraud claims); *Bunnell v. Motion Picture Ass'n of Am.*, 567 F. Supp. 2d 1148, 1155-56 (C.D. Cal. 2007) (claim under unlawful prong failed absent violation of law under predicate claims). As discussed, *supra* sections V.A, V.C-V.E, Plaintiffs' predicate claims fail so their "unlawful" UCL claim must likewise be dismissed.

3. ***Plaintiffs Fail To Allege An "Unfair" UCL Claim.***

Plaintiffs' allegations also do not satisfy any of the tests under the "unfair" prong for consumer UCL claims. *See Drum v. San Fernando Valley Bar Assn.*, 182 Cal. App. 4th 247, 257 (2010) (setting forth tests and finding plaintiff failed to state UCL claim where plaintiff satisfied none). First, as discussed above, *supra* section V.G.2, Plaintiffs do not adequately allege a violation of a specific constitutional, statutory, or regulatory provision, or that it threatens an incipient violation of antitrust law, or violates the policy or spirit of antitrust law. Thus, Plaintiffs fail the "tethering" test. *Id.*; *see also Nazemi v. Specialized Loan Servicing, LLC*, 637 F. Supp. 3d 856,

---

*e.g.*, *Hubbard*, 2024 WL 3302066, at *9 (no standing absent allegations "that [the alleged] misappropriation reduced the value of [p]laintiffs' information").

[10] Plaintiffs base their UCL claim solely under the "unlawful" and "unfair" prongs of the UCL. FAC ¶¶ 237-40. As such, the Motion focuses on these prongs.



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

864 (C.D. Cal. 2022) (plaintiff failed tethering test given no factual allegations supporting violation of law).

Plaintiffs also fail the other potentially applicable tests. Plaintiffs do not adequately allege Health Net's practices are "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" nor that the utility of Health Net's conduct is outweighed by the gravity of the alleged harm to Plaintiffs. *Drum*, 182 Cal. App. 4th at 257. Because Plaintiffs lack standing and fail to satisfy the alleged prongs, the UCL claim must be dismissed.

### H. **Plaintiffs Fail To State An Unjust Enrichment Claim.**

Plaintiffs' unjust enrichment claim fails because it is not a standalone claim and should be dismissed accordingly. *See Abuelhawa v. Santa Clara Univ.*, 529 F. Supp. 3d 1059, 1070 (N.D. Cal. 2021) (dismissing with prejudice unjust enrichment claim); *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008) ("[U]njust enrichment is not a cause of action.").

## VI. CONCLUSION

Accordingly, Health Net requests the Court dismiss the FAC with prejudice.

Dated: August 17, 2026

TROUTMAN PEPPER LOCKE LLP

By: */s/ Sheila Z. Chen*
Steven D. Allison
Sheila Z. Chen
Lynda B. Nguyen
Counsel for Defendant
HEALTH NET, LLC



TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

**CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2**

The undersigned counsel of record for Defendant Health Net, LLC, certifies that this brief contains 5,584 words, which complies with the 5,600 word limit set by court order dated April 30, 2026.

Dated: August 17, 2026

By: */s/ Sheila Z. Chen*
Sheila Z. Chen

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618